Jesse and Kathy ADAMS, Individually
and as Next Friends of Sage Adams,
a Minor, Appellants,

v.

Donna GOTTWALD, D.D.S., P.C. and
Donna Gottwald, Appellees.

No. 04–04–00569–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 17, 2005.

Rehearing Overruled Sept. 26, 2005.

Kevin B. Miller, Mark A. Cevallos, Law
Offices of Miller & Associates, San Anto-
nio, for appellants.

Steven D. Browne, Jeff Jowers, Clemens
& Spencer, P.C., San Antonio, for appel-
lees.

Sitting CATHERINE STONE, Justice,
SARAH B. DUNCAN, Justice, KAREN
ANGELINI, Justice.

**OPINION**

Opinion by SARAH B. DUNCAN,
Justice.

Jesse and Kathy Adams, individually
and as next friends of their daughter, Sage
Adams, appeal the trial court's take-noth-
ing summary judgment in their medical
malpractice suit against Donna Gottwald,
D.D.S., P.C., and Donna Gottwald. We
reverse the trial court's judgment against
the Adamses as next friends of Sage and

remand these claims to the trial court for further proceedings consistent with this opinion. In all other respects, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2000, fourteen-year-old Sage Adams was treated by dentist Donna Gottwald. When Sage returned for a root canal on December 7, 2000, Dr. Gottwald broke or separated two files in Sage's tooth or jaw. On that same date, Sage and her mother Kathy were informed that the two files had separated or were broken and that the tooth might need to be re-treated. On December 18, 2000, Sage returned to Dr. Gottwald, who attempted to remove the broken or separated files. Unable to do so, Dr. Gottwald placed a temporary filling on the tooth and informed Sage and her mother that the tooth might need to be re-treated if complications developed. Although Sage was scheduled to return to Dr. Gottwald for a crown to be placed on the tooth, she never did.

In November 2003, Sage's parents, individually, and on Sage's behalf, sued Dr. Gottwald and her professional corporation for medical malpractice. In their answer, Dr. Gottwald and her professional corporation pleaded the affirmative defense of the limitations provision set forth in section 74.251 of the Texas Civil Practice and Remedies Code; and it was on that basis that they subsequently moved for summary judgment. The Adamses responded, arguing that the limitations provision is unconstitutional as applied to a minor. The trial court granted the motion.

## STANDARD OF REVIEW

"A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense." *Long Distance Int'l, Inc. v. Tele-*

*fonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex.2001). On appeal, we review the trial court's summary judgment de novo, viewing all the evidence in the respondent's favor to determine whether there is no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex.2005); *see also* Tex.R. Civ. P. 166a(c).

## WAIVER

■ Gottwald argues the Adamses waived their "as-applied" challenge to the section 74.251 limitations provision by failing to affirmatively plead that it is unconstitutional and by "fail[ing] to produce any summary judgment evidence that demonstrates that the legislative action was unreasonable in light of the determined state crisis which the legislature addressed." We disagree. Although "[a] litigant must raise an open-courts challenge in the trial court," this burden may be met—as it was here—by raising the challenge in a response to a motion for summary judgment. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex.2002). And Gottwald is simply incorrect in characterizing the Adamses' challenge as an "as-applied" challenge. The Adamses do not argue the limitations provision in section 74.251 is unconstitutional as applied to Sage and her circumstances; they argue it is unconstitutional on its face as applied to all minors. *See Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex.1995) (rejecting Weiner's argument that the court decided the constitutionality of section 74.251's predecessor on an "as-applied" basis).

## CONSTITUTIONALITY

■ The Adamses argue the trial court erred in granting Gottwald's motion for summary judgment because the limitations period set forth in section 74.251 of the

Texas Civil Practice and Remedies Code violates the open courts provision contained in article I, section 13 of the Texas Constitution as applied to minors. We agree.

Section 74.251 of the Texas Civil Practice and Remedies Code provides as follows:

> Notwithstanding any other law, and subject to subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years may have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this section applies to all persons regardless of minority or any other legal disability.

TEX. CIV. PRAC. & REM.CODE § 74.251 (Vernon 2003). As demonstrated by the following redlined version, section 74.251 is virtually identical to its predecessor, section 10.01 of the Medical Liability Act:

> Notwithstanding any other law, ~~and subject to subsection (b)~~, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years ~~may~~ *shall* have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this section applies to all persons regardless of minority or any other legal disability.

*Weiner,* 900 S.W.2d at 318 (quoting former TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01); *see also Sax v. Votteler,* 648 S.W.2d 661, 665–67 (Tex.1983) (holding section 10.01's predecessor unconstitutional). The Supreme Court of Texas held that "section 10.01[was] unconstitutional when applied to a minor because it violate[d] [the open courts provision set forth in] article I, section 13 of the Texas Constitution." *Weiner,* 900 S.W.2d at 319. However, Gottwald argues that, unlike its predecessor, the limitations provision applicable to minors in section 74.251 is saved because, in the accompanying legislative findings, "the legislature addressed *Weiner* and *Sax* by focusing on one part of the balancing test, detailing and demonstrating the important purpose of the statute." However, a similar argument was considered and rejected in *Sax. See id.* ("Although the Legislature enacted article 5.82 for the legitimate purpose of restraining the escalating cost of liability insurance for health care providers, we concluded that the means used to achieve this purpose were not 'reasonable when they [were] weighed against the effective abrogation of a child's right to redress.'" *Weiner,* 900 S.W.2d at 318 (quoting *Sax,* 648 S.W.2d at 667)). If this argument is to prevail, it must do so in the Supreme Court of Texas. We are bound by *Sax* and *Weiner.*

## CONCLUSION

We hold that, as applied to minors like Sage Adams, section 74.251 of the Texas Civil Practice and Remedies is unconstitutional under the open courts provision contained in article I, section 13 of the Texas Constitution. We therefore reverse the trial court's summary judgment against Jesse and Kathy Adams as next friends of their daughter Sage and remand these claims to the trial court for further proceedings consistent with this opinion. In

all other respects, the trial court's judgment is affirmed.