OPINION















 

 

 

 

 

 

 

 

 

 

 

OPINION

 

No. 04-07-00305-CV

 

Emmalene Rankin,

Appellant

 

v.

 

Methodist
Healthcare System of San Antonio, Ltd., LLP,

d/b/a Methodist
 Hospital; Wendell C.
Schorlemer, M.D. and Robert Schorlemer, M.D.,

Appellees

 

From the 224th Judicial District Court, Bexar
 County, Texas

Trial Court No. 2006-CI-16732

Honorable Andy Mireles, Judge Presiding

 

Opinion by:     Rebecca
 Simmons, Justice

 

Sitting:            Karen
Angelini, Justice

                        Rebecca Simmons, Justice

                        Steven C. Hilbig, Justice

 

Delivered and
Filed:   March 5, 2008

 

REVERSED AND
REMANDED 

 

The primary issue in this appeal is whether the
ten-year statute of repose under Section 74.251(b) of the Texas Civil Practices
and Remedies Code violates the open courts provision of the Texas
Constitution.  The trial court granted
summary judgment for Appellees Methodist Healthcare  System (Methodist),  Dr. W.C. Schorlemer, and Dr. Robert Schorlemer
 (collectively

Physicians) on the basis that the statute of
repose barred Appellant Emmalene Rankin’s claim for healthcare liability as to
each defendant.  Because, as applied to
Rankin, Section 73.251(b) unreasonably restricted her right to sue before she
had a reasonable opportunity to discover the wrong and bring suit, we reverse
the judgment of the trial court and remand the cause for further
proceedings.  

Background

On November 9, 1995, the Physicians performed a
hysterectomy on Rankin at Methodist.  In
July 2006, Rankin experienced abdominal pains. 
After several visits to a number of doctors, Rankin underwent
exploratory surgery and a surgical sponge was found and removed from her
abdomen.  On October 27, 2006, Rankin
filed a lawsuit against Methodist.  On
January 8, 2007, Rankin filed a lawsuit against the Physicians.  Each of the defendants separately moved for
traditional summary judgment based on Section 74.251(b), the ten-year statute
of repose.  

The Law In Question

Section
74.251 of the Texas Civil Practice and Remedies Code provides as follows:  

 

(a) Notwithstanding any
other law and subject to Subsection (b), no health care liability claim may be
commenced unless the action is filed within two years from the occurrence of
the breach or tort or from the date the medical or health care treatment that
is the subject of the claim or hospitalization for which the claim is made is
completed; provided that, minors under the age of 12 years shall have until
their 14th birthday in which to file, or have filed on their behalf, the
claim.  Except as herein provided this
section applies to all persons regardless of minority or other legal
disability.  

 

(b) A claimant must
bring a health care liability claim not later than 10 years after the date of
the act or omission that gives rise to the claim.  This subsection is intended as a statute of
repose so that all claims must be brought within 10 years or they are time
barred. 




 

 

Tex. Civ. Prac. &
Rem. Code Ann. § 74.251 (Vernon 2005).[1]  Rankin challenges the constitutionality of
subsection (b).   

            The
Texas Constitution’s open courts provision provides that “[a]ll courts shall be
open, and every person for an injury done him, in his lands, goods, person or
reputation, shall have remedy by due course of law.”  Tex.
Const. art. I, § 13.  The purpose
of this provision is to assure that there are no unreasonable or arbitrary
restrictions for a person bringing a well-established common-law claim.  Jennings v.
Burgess, 917 S.W.2d 790, 793 (Tex.
1996).  

Standard of Review

An appellate court reviews the trial court’s
summary judgment de novo, viewing all the evidence in the nonmovant’s favor to
determine whether there is no genuine issue of material fact and if the movant
is entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex.
1985).  “A defendant moving for summary
judgment on an affirmative defense has the burden to conclusively establish
that defense.”  Long
Distance Int’l, Inc. v. Telefonos de Mexico, S.A. de C.V., 49 S.W.3d 347, 350-51 (Tex. 2001).  

As summary judgment evidence, Rankin submitted
an affidavit stating that the surgical sponge found in her abdomen in July 2006
had been left during her operation on November 9, 1995 and that discovery of
the sponge was impossible prior to the expiration of the ten-year period under
the statute of repose contained in Section 74.251(b).  Pursuant to the summary judgment standard of
review, we presume that Rankin’s evidence is true. 

Here, it is undisputed that Section 74.251(b)
applies and would bar Rankin’s claims. 
Thus, the only inquiry is whether Rankin established the
unconstitutionality of Section 74.251(b) as applied to her.  

Analysis

To establish an open courts violation, Rankin
must satisfy two requirements: (1) a cognizable, common-law claim that is
statutorily restricted, and (2) the restriction is unreasonable or arbitrary
when balanced against the statute’s purpose and basis.  Yancy
v. United Surgical Partners Int’l, Inc., 236 S.W.3d 778, 783 (Tex. 2007); Shah v.
Moss, 67 S.W.3d 836, 842 (Tex.
2001).  In passing upon the
constitutionality of a statute, we begin with a presumption of validity.  It is to be presumed that the Legislature has
not acted unreasonably or arbitrarily; and a mere difference in opinion, where
reasonable minds could differ, is not a sufficient basis for striking down
legislation as arbitrary or unreasonable.” 
Smith v. Davis,
426 S.W.2d 827, 831 (Tex.
1968).  

A.  Whether the statute of repose abrogates a
well established common-law claim.  

Methodist asserts Rankin has no historical cause
of action that is being restricted.  The
Physicians claim that Rankin has no vested right to seek redress for her
alleged injury and consequently the statute of repose cannot violate the open
courts provision.  

1.      Common-Law Claim  

In response to Methodist’s
argument, Rankin claims that, historically, a patient could have brought a
cause of action for negligent failure to remove a surgical sponge more than ten
years after surgery and, thus, a well established common-law claim exists.  Much of the differences in the parties’
arguments stem from the holding in Trinity River
Authority v. URS Consultants, Inc., 889 S.W.2d 259, 261 (Tex. 1994).

In Trinity River, the
plaintiff alleged a cause of action against the designers of a sewage treatment
basin wall which had collapsed.  Trinity River Auth., 889 S.W.2d at 260.  The lower courts granted and affirmed a
summary judgment because more than ten years had elapsed since the construction
of the basin wall.  Id.
at 261.  The question before the court
was the constitutionality of the statute of repose as set forth in Section
16.008 of the Civil Practice and Remedies Code. 
Id.
at 260.  Regardless of when the
defect is discovered, Section 16.008 barred suits against architects for design
defects unless they were brought within ten years after the improvement was
completed.  Id.
at 260.  

The supreme court
concluded “that, because the discovery rule had not been adopted for negligent
design cases at the time section 16.008 was enacted, that statute did not
abrogate the right to bring a common law cause of action under these
circumstances.”  Id.
at 263.  As a result, the supreme court
held that Section 16.008, as applied, could not violate the Texas open courts guarantee.  Id.  In
contrast, the supreme court has recognized the discovery rule in the context of
certain medical malpractice cases.  

Prior to Trinity River, the supreme court held in Gaddis v. Smith, 417 S.W.2d 577, 580 (Tex. 1967), that “causes of action
based upon the alleged negligence of a physician in leaving a foreign object in
his patient’s body are proper subjects for the ‘discovery rule.’” However, in
1975, the 64th Legislature amended Chapter 5 of the Texas Insurance Code by
adding Article 5.82, Section 4, which provided: 

[n]otwithstanding any other law, no claim
against a person or hospital covered by a policy of professional liability
insurance covering a person licensed to practice medicine or podiatry or
certified to administer anesthesia in this state or a hospital licensed under
the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon’s Texas
Civil Statutes), whether for
breach of express or implied contract or tort, for
compensation for a medical treatment or hospitalization may be commenced unless
the action is filed within two years of the breach or the tort complained of or
from the date the medical treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed, except that minors
under the age of six years shall have until their eighth birthday in which to
file, or have filed on their behalf, such claim. Except as herein provided,
this section applies to all persons regardless of minority or other legal
disability.[2]

 

Sax v. Votteler, 648 S.W.2d 661, 663 (Tex. 1983).  Methodist argues that because the discovery
rule was abolished in 1975, Section 74.251 does not abrogate a well established
common-law claim.  We disagree.[3]  

The Texas Supreme Court
implicitly addressed whether a plaintiff had a well-established common-law
claim after the legislative amendments of the statutory predecessors of Section
74.251.  Neagle v. Nelson, 685 S.W.2d 11, 12 (Tex.
1985); Nelson v. Krusen, 678 S.W.2d
918, 919 (Tex.
1984). 
This court recently concluded that Section 74.251, as applied to
minors, was unconstitutional under the open courts provision of the Texas
Constitution.  Adams v. Gottwald, 179 S.W.3d 101, 103 (Tex. App.—San Antonio 2005, pet. denied). 
Because
in each case the courts held the statute in question violated the open courts
provision, the courts necessarily concluded that the plaintiffs held a well established
common-law claim.  We similarly conclude
Rankin has established a common-law claim that would be abrogated by Section
74.251(b).  

2.      Vested Rights  

Even if Rankin establishes a common-law claim, the
Physicians argue Rankin lacks a vested right, and as a result, her claim that
Section 74.251(b) is unconstitutional under the open courts provision must
fail.  Because the open courts provision
is “quite plainly, a due process guarantee,” we agree with the Physicians that
Rankin must have a vested right at stake. 
Sax, 648 S.W.2d at 664; see also City of Univ.
 Park v. Benners, 485 S.W.2d 773, 778 (Tex. 1972)
(requiring a vested right in order to establish a due process claim).  

In
support, the Physicians refer to a number of cases wherein the courts held that
other statutes of repose were constitutional. 
Zaragosa v. Chemetron Invs., Inc.,
122 S.W.3d 341, 346 (Tex. App.—Fort Worth 2003, no pet.); Barnes v. J.W. Bateson Co., 755 S.W.2d 518, 521-22 (Tex. App.—Fort
Worth 1988, no writ); McCulloch v. Fox
& Jacobs, Inc., 696 S.W.2d 918, 921 (Tex. App.—Dallas 1985, writ ref’d
n.r.e.); Sowders v. M.W. Kellogg Co.,
663 S.W.2d 644, 648 (Tex. App.—Houston [1st Dist.] 1983, writ ref’d
n.r.e.).  In each of these cases, the
plaintiff’s injury occurred after the expiration of the repose period, and
thus, the courts concluded the plaintiff lacked a vested right in a common law
claim.  Here, the event giving rise to
the cause of action occurred within the ten-year-repose period.  The Physicians’ argument fails to take this crucial
distinction into account and we therefore find their argument
unpersuasive.  

B. 
Whether the restriction
is unreasonable or arbitrary when balanced against the purpose and basis of the
statute of repose.  

 

In the second prong, we must determine whether
there is a showing that the legislative basis for Section 74.251(b) outweighs
the denial of Rankin’s constitutionally-guaranteed right of redress.  Sax,
648 S.W.2d at 666.  In making this
determination, “we consider both the general purpose of the statute and the
extent to which the litigant’s right to redress is affected.”  Id.  

1.                 
Findings
and Purposes of Section 74.251(b) 

The concerns over insurance rates and the cost
of healthcare supporting the statutory predecessors of Section 74.251, as
argued by appellees, are similarly the basis for Section 74.251(b).  The supreme court has acknowledged that the
basis for the predecessors of Section 74.251 is legitimate, as were concerns
over insurance rates and the cost of healthcare.  For purposes of this balancing task, we
presume that the basis for Section 74.251 is also legitimate.  

2.                 
Restrictions
on Rankin’s Access to the Courts  

In at least two cases
after the amendment of 1975 to the Texas Insurance Code, the Texas Supreme
Court addressed constitutional challenges, based on the open courts provision,
to the statute of limitations of medical malpractice claims.  The supreme court considered Article 5.82,
Section 4 of the Insurance Code and its restrictions on a claim for wrongful birth
in Nelson v. Krusen, 678 S.W.2d 918
(Tex. 1984).  In Nelson, Mr. and Mrs. Nelson consulted with Dr. Krusen to determine
whether Mrs. Nelson was a genetic carrier of Duchenne muscular dystrophy.  Nelson,
678 S.W.2d at 920.  At the time, the
Nelsons had a child with Duchenne muscular dystrophy and Mrs. Nelson was
pregnant.  Id.  Dr.
Krusen examined Mrs. Nelson on several occasions and assured the Nelsons that
she was not a carrier.  Id. at 921. 
Over three years after her delivery, the Nelsons discovered that their
son had Duchenne muscular dystrophy.  Id.  

The court found that
Article 5.82, Section 4 would “operate to bar the parents’ cause of action
before they knew it existed, even though they did not discover, and could not
reasonably have discovered, their injury within two years.”  Id. at
920.  As applied to the Nelsons, the
limitations provision “violat[ed] the open-courts provision by cutting off a
cause of action before the party knows, or reasonably should know, that he is
injured.”  Id.  

In Neagle v. Nelson, 685 S.W.2d 11, 12 (Tex. 1985), the supreme court dealt with a
constitutional challenge to the statutory predecessor of Section 74.251, Art.
4590i, Section 10.01.[4]  In Neagle,
a surgical sponge was left in the abdomen
of the plaintiff and discovered more than two years later. The court assumed
that it was impossible for Neagle to have known about the injury prior to the
expiration of the two year statutory period. 
Id. 
The supreme court held that “[t]he open-courts provision . . . protects
a citizen, such as Neagle, from legislative acts that abridge his right to sue
before he has a reasonable opportunity to discover the wrong and bring
suit.”  Id. 


  Rankin’s restriction is similar
to that in Nelson and Neagle—it
requires Rankin to bring a claim before she had any reason to do so.  Further, Section 74.251(b) effectively
abolishes Rankin’s right to bring a well-established common law cause of action
without providing a reasonable alternative. 


3.                 
Balancing


In Trinity
River, the supreme court stated with reference to the statute of repose
“[w]e believe that the ten year repose period chosen by the Legislature strikes
a fair balance between the legislative purpose of protecting against stale
claims and the rights of litigants to obtain redress for injuries.”  Trinity River
Auth., 889 S.W.2d at 264.  In so holding,
the supreme court noted its decision in Robinson v. Weaver, 550 S.W.2d
18 (Tex.
1977).  Specifically, the supreme court
stated:

[t]his Court’s decision
in [Robinson], illustrates the important public purpose underlying
statutes of repose.  We held in that case
that the discovery rule does not apply to cases of medical misdiagnosis.  Unlike
malpractice based on leaving a foreign object in the patient’s body, or
negligently performing a vasectomy, there is often no physical evidence
establishing a misdiagnosis, thus increasing the risk of stale or fraudulent
claims.  

 

Id. at
263-64 (emphasis added).  Although the
court in Trinity River upheld a ten
year statute of repose as to design defects, there are several distinctions from
the present case: (1) Trinity River did not involve an inherently
undiscoverable claim; (2) the court noted that, unlike medical malpractice
cases based on leaving a foreign object in the patient’s body, there was no
discovery rule for negligent design cases; and (3) the articulated public
policy supporting the constitutionality of the statute in repose—protecting
against stale or fraudulent claims—would either be inapplicable or of less
significance.  Indeed, Texas jurisprudence considers medical
malpractice claims involving a foreign object left inside of the plaintiff’s
body subject to the doctrine of res ipsa loquitor, which would make the
concerns about the availability of witnesses or evidence less significant.  Haddock
v. Arnspiger, 793 S.W.2d 948, 951 (Tex.
1990).  

Methodist and the Physicians argue that statutes
of limitations and statutes of repose have different purposes and, therefore,
cases like Nelson and Neagle
are inapplicable.  The main
distinction between a statute of repose and statute of limitations is the
triggering event commencing the statutory period.  Statutes of limitations begin to run from when
the cause of action accrues, while statutes of repose run independently from
when the cause of action accrues.  Compare Tex. Civ. Prac. & Rem. Code §§ 16.002, 16.003 (Vernon
2002) (providing that the limitations period begins to run the day after the
cause of action accrues) with Tex. Civ. Prac. & Rem. Code §§
16.008, 16.009, 16.011, 16.012 (Vernon 2002) (providing that the repose period
begins to run after substantial completion or the sale of the product). 

While we generally agree that a statute of
repose and statute of limitations are distinct and serve different purposes,
those distinctions are not shared by Section 74.251(a) and Section
74.251(b)—each is written as an absolute bar on claims brought after the
statutory period and run concurrently after the cause of action accrues.  Id. § 74.251.  The only substantive differences between
Section 74.251(a) and (b) is the length of the time period and title.  

We recognize that there is likely a relationship
between insurance rates for providers of medical care and a fixed period which
thereafter bars all claims.  This effect
on insurance rates by a two-year statute of limitations under the statutory
predecessors of Section 74.251(a), however, was not sufficient to outweigh the
constitutional right of redress for minors. 
In Sax v. Votteler, 648 S.W.2d
661 (Tex. 1983), the Texas Supreme Court addressed the issue as to whether
Article 5.82, Section 4, of the Texas Insurance Code, was unconstitutional
under the open courts provision of the Texas Constitution.  The parents of Lori Beth Sax—a minor who was
eleven years old at the time—brought suit against Dr. T. P. Votteler alleging
medical malpractice during an operation that occurred on May 10, 1976. 

Because the parents filed the suit over two
years from the last date of treatment, Dr. Votteler filed a motion for summary
judgment based on Article 5.82, the two-year statute of limitations.  The court noted that “[t]he specific purpose
of the provision in question was to limit the length of time that the insureds
would be exposed to potential liability.” 
Id.
at 666.  In analyzing whether the
purpose of Article 5.82 outweighed the constitutional right of redress for Lori
Beth Sax, the Texas Supreme Court stated: 


[w]e agree with Dr.
Votteler that both the purpose and basis for article 5.82 are legitimate.  Additionally, we recognize that the length of
time that insureds are exposed to potential liability has a bearing on the
rates that insurers must charge.  We
cannot agree, however, that the means used by the legislature to achieve this
purpose, article 5.82, section 4, are reasonable when they are weighed against
the effective abrogation of a child’s right to redress.  Under the facts in this case, Lori Beth Sax
is forever precluded from having her day in court to complain of an act of
medical malpractice.  Furthermore, the
legislature has failed to provide her any adequate substitute to obtain redress
for her injuries.  

 

Id. at 667.  

Here, the more substantive difference is that
the ten-year limit generously provides more time to bring a claim than the
two-year limit.  In Weiner v. Wasson, 900 S.W.2d 316, 319 (Tex. 1995), the Texas Supreme Court held
that Section 10.01, a subsequent version of Article 5.82, was in violation of
the open courts provision of the Texas Constitution.  The court reasoned that Section 10.01, much
like the provision in Sax,
unreasonably restricted a child’s right to bring a medical malpractice
claim.  Id. at 318-19.  The court noted that the only difference
between Article 5.82 and Section 10.01 was that Section 10.01 extended the
tolling period for an additional six years. 
Id.
at 318.  With regards to this
additional time, the court stated:

[t]his one change in
section 10.01 does not cure the constitutional infirmity that we identified in
article 5.82 in Sax.  Whether a statute compels a child to bring
suit by age eight or by age fourteen is inconsequential because in either
instance a minor child is legally disabled from pursuing a suit on his
own.  

 

Id. at
318.  

 

Prior to Weiner,
the supreme court intimated that there was no distinction between a restriction
requiring a child to bring a claim during a period of legal disability and a
restriction requiring a plaintiff to bring a claim when the injuries are not
discoverable.  With regard to statutory restrictions
making it impossible for a party to bring a lawsuit, the Nelson supreme court noted: 

[i]s a person whose injuries are not
immediately discoverable any more able to sue during the period of
undiscoverability than are children during their period of legal disability?

 

. . . .

 

The limitation period of article 5.82, section 4, if applied as written, would require
the Nelsons to do the impossible-to sue before they had any reason to know they
should sue. Such a result is rightly described as “shocking” and is so absurd
and so unjust that it ought not be possible.  Deferring to the legislative imposition of
such an unreasonable condition would amount to an abdication of our judicial
duty to protect the rights guaranteed by the Texas Constitution, the source and
limit of legislative as well as judicial power. This, we cannot do.

 

Nelson, 678 S.W.2d at 923 (internal citations omitted).

 

From Nelson, Sax, and Neagle we gather a number of instructive principles.  First, the purpose of a two-year absolute bar
on medical malpractice claims does not outweigh the constitutional-guarantee
right of redress for plaintiffs who would be required to fulfill an impossible
condition.  Second, the purpose and basis
of a statute restricting a child’s ability to bring a claim during a period of
legal disability, while supported by legitimate legislative purposes and
tailored to reduce the time of exposure to liability, does not outweigh the
constitutional right of redress for minors. 
Finally, a person who has suffered an inherently undiscoverable injury
is in no greater position to bring a claim than a child during legal disability.  The issue then is whether the ten-year
absolute bar on health care claims should suffer the same fate as the provisions
in Sax, Nelson, and Neagle.  

Prior to the enactment of Section 74.151(b), minors
under the holding in Sax and Weiner could bring their claim beyond
ten years and perhaps plaintiffs like Rankin beyond the two-year limit for an
unspecified amount of time.  Arguably,
Section 74.251(b) was meant to preclude these situations.  Indeed, if a child’s health care liability
claim accrues before age eight, then Section 74.251(b) would bar the child’s
claim during the period of legal disability. 
In such circumstance, however, Sax
and Weiner would indicate that
Section 74.251(b) would violate the open courts provision despite the more
generous ten year period.  We are unable
to reconcile a holding wherein Section 74.251(b)’s restriction on Rankin is
reasonable and a child’s restriction under Section 74.251(a) is not.  Much like in Weiner, whether Rankin has two years, five years, or fifteen years
to bring a claim is inconsequential if Rankin is required to fulfill an
impossible condition.  

The Legislature is certainly entitled to set a
period of time within which claims must be brought, but it may not deny a
plaintiff a reasonable opportunity to discover the alleged wrong and bring
suit.  Shah, 67 S.W.3d at 842.  What
the Sax and Neagle court were unwilling to accept was an absolute bar on a
claim that a plaintiff could not have initiated prior to the expiration of the
statutory period.  A ten-year period,
whether as a statute of limitations or repose, barring all claims regardless of
when and if the act or omission giving rise to the claim could have been
discovered, does not cure the constitutional infirmities pronounced in Sax, Nelson, and Neagle.  

Further, the purpose of having some limit on
claims is, to some extent, served by the “discovery rule” and the
“reasonable-time rule.”  The open courts
provision does not toll limitations rather it provides litigants with a
reasonable time to discover their injuries and file suit.  Yancy,
236 S.W.3d at 784.  If the plaintiff
fails to bring the claim within a reasonable time, then there will be no
violation of the open courts provision.  Id. at 785. 
  The discovery rule requires due
diligence.  See Gaddis, 417 S.W.2d at 580 (providing that the statute of
limitations did not begin to run until the patient learned of, or, in the
exercise of reasonable care and diligence, should have learned of, the alleged
malpractice).  The reasonable-time rule
and the discovery rule preclude claims from existing indefinitely.

Because the statutes in Sax, Nelson, and Neagle, have
the same prohibitive effect as that of Section 74.251(b) and were each supported
by similar legislative purposes to Section 74.251(b), we disagree with the
appellees that the titular and time period differences between a statute of
limitations and a statute of repose warrant a different outcome.  Section 74.251(b) bars Rankin’s claims
against the appellee before there is a reasonable opportunity to discover the
wrong and bring suit in violation of the open courts provision of the Texas
Constitution.  Accordingly, we sustain
Rankin’s issue on appeal.  

Conclusion

Having met the two prong test, we hold that, as
applied to Rankin, Section 74.251(b) of the Texas Civil Practices and Remedies
Code is unconstitutional under the open courts provision contained in Article
I, Section 13 of the Texas Constitution. 
Accordingly, we reverse the trial court’s summary judgments and remand
these claims to the trial court for further proceedings.  

 

 

Rebecca Simmons, Justice

 








 

 

 

 

 

 

 

 

 

 











[1] Section 74.251 was added in 2003.  Subsection 74.251(a) was substantially the
same as its predecessors Article 4590i, Section 10.01 and Article 5.82, Section
4.  Subsection (b), however, was an
addition.  





[2] Article 5.82 became effective on June 3,
1975.  Sax v. Votteler, 648 S.W.2d 661, 663 n.1 (Tex. 1983). 


 





[3] Both Methodist and the Physicians assert
that cases involving statute of limitations should not be used as authority in
assessing the constitutionality of a statute of repose.  The differences that Methodist and the
Physicians articulate are based on the purpose and basis of each statute.  If there was no discovery rule in place when
a statute of limitations or statute of repose was enacted, both would warrant
the same result.  As a result, for
purpose of determining if there is a common-law claim, cases analyzing the
constitutionality of statutes of limitations under the open courts guarantee
are instructive.  The alleged differences
would appear relevant and material in the second criterion and of minimal
significance in first criterion.  

 

 





[4] See Adams, 179 S.W.3d at 104 (Tex. App.—San Antonio 2005, pet. denied)
(stating “[a]s demonstrated by the following redlined version, section 74.251
is virtually identical to its predecessor, section 10.01 of the Medical
Liability Act”).