COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| ELIZABETH RIVERA, AS NEXT FRIEND OF MADELINE RODRIGUEZ, | § | No. 08-11-00279-CV |
| | § | |
| Appellant, | § | Appeal from |
| | § | |
| v. | § | 120th Judicial District Court |
| | § | |
| MICHAEL D. COMPTON, M.D. AND TENET HOSPITALS, LTD, A TEXAS LIMITED PARTNERSHIP D/B/A PROVIDENCE MEMORIAL HOSPITAL, | § | of El Paso County, Texas |
| | § | (TC#2011-971) |
| Appellees. | | |

**O P I N I O N**

Appellant Elizabeth Rivera, as next friend of her daughter, Madeline Rodriguez, appeals the trial court's order granting the motions for summary judgment in favor of Dr. Michael D. Compton, M.D. and Tenet Hospitals, LTD, a Texas Limited Partnership d/b/a Providence Memorial Hospital (collectively referred to as "Appellees"). For the following reasons, we reverse and remand for further proceedings.

**BACKGROUND**

On December 26, 1996, Elizabeth Rivera went to Providence Memorial Hospital for a fever and cough. At the time, Rivera was nine months pregnant. After an assessment in the

emergency department, Rivera was discharged. The next day, on December 27, 1996, Rivera returned to Providence Memorial Hospital due to decreased fetal movement. After a non-reassuring assessment, Rivera underwent an emergency cesarean section and Madeline was born. Madeline was allegedly delivered in a serious condition and suffered severe brain damage due to lack of oxygen. Unfortunately, Madeline now lives with permanent neurological injury and disability. On August 29, 2004, legal counsel for Appellant provided written notice of Madeline's health care liability claim to Appellees pursuant to section 74.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011). However, it was not until March 14, 2011, that Rivera, acting on Madeline's behalf, filed suit against Appellees alleging negligence.[1]

Appellees answered the suit and filed no-evidence motions for summary judgment.[2] Appellees' motions for traditional summary judgment are based on the statute of repose found in section 74.251 of the Texas Civil Practice and Remedies Code.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b) (West 2011). The trial court granted Appellees' motions for summary judgment. Appellant now appeals the trial court's summary-judgment orders.

## DISCUSSION

In two issues on appeal, Appellant contends that the trial court erred by granting summary judgment to Appellees because the statute of repose for medical negligence claims violates: (1)

---

[1] Madeline was fourteen years old at the time the suit was filed.

[2] Appellee Providence Memorial Hospital later filed an amended motion for summary judgment.

[3] The applicable statute of repose states: "A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b).

2

the open courts provision of the Texas Constitution as applied to children; and (2) the Texas Constitution's prohibition on retroactive laws.

*Standard of Review*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). When reviewing a motion for summary judgment, we must assume all of the evidence favorable to the non-movant is true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in favor of the non-movant. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership,* 186 S.W.3d 587, 590 (Tex. App. – El Paso 2006, no pet.). However, a moving party who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010). Where the trial court does not specify the grounds upon which summary judgment is granted, as in this case, we must affirm if any of the grounds are meritorious. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000). In conducting our analysis, if we are required to construe a question of law, we apply a *de novo* standard of review. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

**"OPEN COURTS" CHALLENGE**

In Issue One, Appellant contends that the trial court erred by granting summary judgment in favor of Appellees based on the ten-year statute of repose for medical-negligence claims.

According to Appellant, section 74.251(b) as applied to children injured before age eight, violates the open courts provision of the Texas Constitution. The open courts provision provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

Appellant maintains that the ten-year statute of repose violates the open courts provision because it abrogates the right of minors who are injured before their eighth birthday to bring well-established common-law claims for medical negligence. Appellant also argues that the open courts provision is violated because the statute of repose provides a remedy that is contingent upon an impossible condition. The open courts provision guarantees that citizens asserting common-law causes of action will not unreasonably be denied access to Texas courts. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983); *see also Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994), *quoting Tex. Ass'n of Business, v. Tex. Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993) ("the legislature may not abrogate the right to assert a well-established common-law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress").

When an open courts challenge is asserted, we begin our review with the presumption that the statute is constitutional. *Sax*, 648 S.W.2d at 664. Appellant bears the burden of showing that the statute of repose fails to meet constitutional requirements. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). To establish an open courts violation, Appellant must show: (1) she has a cognizable common-law cause of action that is being restricted; and (2) the restriction is arbitrary or unreasonable when balanced against the purpose of the statute. *Sax*, 648 S.W.2d at 666.

4

There is no dispute that Appellant filed her health care liability claim after the ten-year statute of repose elapsed.[4] The parties do not dispute that Appellant has a cognizable common-law cause of action that is being restricted. Therefore, our analysis is focused on whether Appellant has established that the restriction is arbitrary or unreasonable when balanced against the purpose of section 74.251(b). *See Sax*, 648 S.W.2d at 666.

In determining whether Appellant has shown that the statute's purpose outweighs the denial of her right of redress, we consider both the statute's general purpose and the extent to which the litigant's right of redress is affected. *Id*. A mere difference of opinion where reasonable minds could differ is not a sufficient basis for striking down legislation as arbitrary or unreasonable. *Id*. at 664. When the legislature makes a remedy by due course of law contingent on an impossible condition, it violates the open courts provision. *Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex. 1984); *Zweig v. South Texas Cardiothoracic and Vascular Surgical Associates, PLLC*, 373 S.W.3d 605, 608 (Tex. App. – San Antonio 2012, no pet.).

*Legislative Basis of Section 74.251(b)*

In 2003, the Legislature added section 74.251 to the Texas Civil Practice and Remedies Code in response to an insurance crisis triggered by an increase in health-care liability claims. *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010). Specifically, section 74.251(a) re-enacted a two-year statute of limitations that was practically indistinguishable from its predecessors Article 4590i, section 10.01 and Article 5.82,

---

[4] Appellees ask this Court to take judicial notice of the nonsuit of Appellant's 2003 health-care liability claim against them. While Appellee Tenet Hospitals attached certified copies of the 2003 pleadings to its appellate brief, these are not part of the appellate record and cannot be considered. *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App. – El Paso 2007, pet. dism'd); *see* TEX. R. APP. P. 34.1.

section 4.[5]  *Rankin v. Methodist Healthcare System of San Antonio Ltd., LLP*, 261 S.W.3d 93, 96 n.1 (Tex. App. – San Antonio 2008), *rev'd by* 307 S.W.3d 283 (Tex. 2010); *Adams*, 179 S.W.3d at 103.  However, section 74.251(b) added a ten-year statute of repose for all health-care liability claims without exception.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b); *Rankin*, 261 S.W.3d at 96 n.1.

The legislative basis behind section 74.251(b) addressed the insurance crisis and its perceived harm on the delivery of health care in Texas in a manner that would not restrict a claimant's rights more than necessary.  *Rankin*, 307 S.W.3d at 287.  Ultimately, by limiting the time the insureds were exposed to potential liability, the Legislature's goal was to ensure that health care would be more affordable, accessible, and available to the citizens of Texas.  *Id*. at 287-88.

Relying on the Supreme Court's holding in *Rankin*, Appellees argue that section 74.251(b) does not violate the open courts provision as applied to children injured before age eight.  In *Rankin*, the Texas Supreme Court considered whether section 74.251(b) as applied to a foreign-object claim violated the open courts provision.  *Id*. at 291-92.

The *Rankin* court reversed the court of appeals concluding that the ten-year repose period was a reasonable exercise of the Legislature's police power.  *Id*. at 292.  In deciding the constitutionality of the statute of repose, the court distinguished a statute of repose from a statute of limitations.  *Rankin*, 307 S.W.3d at 286.  The court observed that the key purpose of a statute of repose is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions, except perhaps those clear exceptions

---

[5] Section 74.251(a)'s two-year statute of limitations has been held unconstitutional as to minors.  *Adams v. Gottwald*, 179 S.W.3d 101, 102-03 (Tex. App. – San Antonio 2005, pet. denied).

in the statute itself. *Id*. The court also noted that a statute of repose provides "absolute protection to certain parties from the burden of indefinite potential liability." *Id*. at 287, *quoting Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009).

In upholding the constitutionality of the statute of repose, the *Rankin* court recognized that some plaintiffs like Rankin, "who belatedly discover a *res-ipsa*-like injury," would be blocked from bringing claims through no fault of their own and that some otherwise-valid claims would be barred. *Rankin*, 307 S.W.3d at 292. Appellees contend that Appellant has not established that the open courts provision has been violated because she has failed to prove that Section 74.251(b) is unreasonable or arbitrary when balanced against its purpose and basis. Appellant responds that the abrogation of a minor's constitutional right of redress is arbitrary, unreasonable, and is not outweighed by the statute's purpose which is to avoid the additional cost imposed on the health care system by allowing minor plaintiffs to seek relief for their injuries.

In making her argument, Appellant cites to the following cases: *Adams*, 179 S.W.3d at 103 (holding the two-year statute of limitations in section 74.251(a) unconstitutional as applied to minors); *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995) (two-year statute of limitations in former TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 violated the open courts provision as applied to minors); *Sax*, 648 S.W.2d at 667 (two-year statute of limitations in article 5.82, section 4 of the Texas Insurance Code, section 10.01's predecessor, violated the open courts provision because it effectively abolished the minor's right to bring a medical malpractice cause of action). At heart, Appellant's argument is that because Texas courts have already held that section 74.251(a) and its predecessor statutes of limitation violate the open courts provision as applied to minors, section 74.251(b) should similarly be held to be an open courts violation because, like the

two-year statute of limitations, the ten-year statute of repose abrogates the right of redress for minors who are injured before their eighth birthday.

We are cognizant of the fact that the cases relied upon by Appellant are statute-of-limitations cases and do not deal with the statute of repose. We also acknowledge that to date the Supreme Court of Texas has never declared a statute of repose unconstitutional. *Rankin*, 307 S.W.3d at 292. Nevertheless, we find that the reasoning of the *Adams*, *Weiner*, and *Sax* opinions govern the disposition of this case. *Rankin* is distinguishable because unlike the instant case, which concerns the constitutionality of section 74.251(b) as applied to a minor's health-care liability claim, the plaintiff in *Rankin* was not a minor and her case involved an undiscoverable foreign-object claim. *Rankin*, 307 S.W.3d at 285, 291-92.

While we agree with *Rankin* that there is a significant distinction between a statute of repose and a statute of limitations, here, the statute of limitations and statute of repose in section 74.251 have little to no distinction when applied to the health-care liability claims of minors who are injured before the age of eight. [6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a)-(b) (West 2011); *Rankin*, 307 S.W.3d at 286; *Rankin*, 261 S.W.3d at 101 (noting that the only substantive differences between section 74.251(a) and (b) is the length of the time period and title). Furthermore, the legislative purpose behind the enactment of section 74.251(b) which was to limit the rising cost of liability insurance for health care providers is the same as the basis underlying the statutes of limitations at issue in *Adams*, *Weiner*, and *Sax*. *See Rankin*, 307 S.W.3d at 287-88; *Weiner*, 900 S.W.3d at 318; *Sax*, 648 S.W.2d at 666; *Adams*, 179 S.W.3d at 103.

---

[6] The *Rankin* court explained that the difference between statutes of limitations and statutes of repose is that "statutes of limitations operate procedurally to bar the enforcement of a right, [and] a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Rankin*, 307 S.W.3d at 287, *quoting Galbraith Eng'g*, 290 S.W.3d at 866.

Despite the legitimate legislative basis and purpose of the statute of repose, if applied as written, minors injured before the age of eight must comply with the impossible—they must file suit before their legal disability is removed. Minors lack the capacity to bring a legal claim and claims belonging to them must be asserted through a legal guardian, a next friend, or guardian ad litem. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

By putting a ten-year outer limit on the health care liability claims of minors injured before the age of eight, these minors will never be able to bring claims in their own right because the statute of repose cuts it off before they reach the age of majority. Essentially, the statute of repose in section 74.251(b) recreates the constitutional infirmity identified in *Adams*, *Weiner*, and *Sax*—the total abrogation of the legal rights of minors before they have legal capacity to assert those rights without providing any reasonable substitute. *Weiner*, 900 S.W.3d at 318-19; *Sax*, 648 S.W.2d at 667; *Adams*, 179 S.W.3d at 103.

In an attempt to protect the rights of minors, Texas courts have held that an absolute statute of limitations as applied to the health-care liability claims of minors is unconstitutional; therefore, we do not see why a statute of repose which was enacted with the same legislative purpose and has the same effect on the claims of minors who are injured before age eight would result in a different outcome. *See Weiner*, 900 S.W.3d at 318-19; *Sax*, 648 S.W.2d at 667; *Adams*, 179 S.W.3d at 103. While Appellees argue that a minor's parent, guardian, or next of friend may file suit on a minor's behalf, Texas courts have repeatedly held that such a possibility does not justify the abrogation of a minor's right of redress nor is it a reasonable alternative. *Weiner*, 900 S.W.2d. at 319; *Sax*, 648 S.W.2d at 667. Furthermore, while the open courts provision of the Texas Constitution does not confer an open-ended and perpetual right to sue, it does require that every person who is injured

9

have a remedy by due course of law. TEX. CONST. art I, § 13. Although it is well within the Legislature's power to withdraw parties' common-law remedies for well-established common-law claims, such legislative action is sustained only when other reasonable alternatives have been provided or when it is a reasonable exercise of police power in the interest of the general welfare. *See Rankin*, 307 S.W.3d at 286.

In light of the reasoning in *Adams, Weiner*, and *Sax*, and after balancing the restriction against the purpose and basis of the statute, we are bound to conclude that the Legislature acted unreasonably in enacting section 74.251(b) with no exception for the claims of minors who are injured before the age of eight because the statute effectively abolishes their right of redress before they are legally able to file suit on their own behalf without providing any adequate substitute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b); *Adams*, 179 S.W.3d at 102-03; *Weiner*, 900 S.W.2d at 317-20; *Sax*, 648 S.W.2d at 665-67. As Appellant points out, the statute's purpose is not frustrated here because any uncertainty that comes with the claims of minors ends within a reasonable time after they reach the age of majority, and as such, there continues to be some end to indefinite potential liability to certain parties. *See Rankin*, 307 S.W.3d at 286-87.

Because section 74.251(b) effectively cuts off a minor's cause of action before the minor is legally able to assert it, thereby requiring the minor to satisfy an impossible condition, and fails to provide an adequate substitute remedy, we hold that section 74.251(b) violates the open court provision of the Texas Constitution as applied to minors injured before their eighth birthday. *See* TEX. CONST. art. I, § 13; TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b); *Nelson*, 678 S.W.2d at 921; *Weiner*, 900 S.W.2d at 317-20; *Sax*, 648 S.W.2d at 665-67; *Zweig*, 373 S.W.3d at 608; *Adams*, 179 S.W.3d at 102-03.

10

*Due Diligence*

Citing to *Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011), Appellees contend that Appellant's open courts challenge must fail because Rivera failed to exercise due diligence in pursuing any health care liability claim on behalf of Appellant and failed to show that Appellant never had a reasonable opportunity to be heard. We disagree. While we recognize that due diligence is a requirement of an open courts challenge, the rights at issue are the minor's rights not Rivera's rights. *See Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 785 (Tex. 2007) (due diligence must be established in an open courts challenge); *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) ("In a suit by a 'next friend,' the real party plaintiff is the child and not the next friend."). Therefore, because the medical liability claim belongs to Appellant, and not Rivera, any lack of any due diligence on the part of Appellant's mother cannot be attributed to the claims belonging to Appellant. *See Sax*, 648 S.W.2d at 667 ("It is neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a malpractice lawsuit action within the time provided by article 5.82.").

Accordingly, having already held that the statute of repose in Section 74.251(b) of the Texas Civil Practice and Remedies Code is unconstitutional as applied to minors like Appellant, who are injured prior to their eighth birthday, the trial court erred by granting Appellees' summary judgment motions based on the ten-year statute of repose. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b). Therefore, we sustain Appellant's Issue One, and find no reason to consider Appellant's second issue. TEX. R. APP. P. 47.1.

11

## CONCLUSION

We reverse the trial court's orders granting summary judgment in favor of Appellees and remand the case for further proceedings.


                                    GUADALUPE RIVERA, Justice

December 28, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.


12