

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00803-CV

Juan Francisco **MONTALVO**, M.D., F.A.C.O.G., et al.,
Appellants

v.

Gabriela **LOPEZ**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2013-CVT-000841-D3
Honorable Beckie Palomo, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  April 8, 2015

AFFIRMED

Appellee Gabriela Lopez filed the underlying lawsuit alleging health care liability claims against appellants Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D., Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo.  The appellants moved for summary judgment asserting Lopez's claims were barred by the limitations provision set forth in section 74.251 of the Texas Civil Practice and Remedies Code.  Lopez responded that the limitations provision is unconstitutional as applied to a minor, and her lawsuit was timely filed based on the

tolling provisions contained in sections 16.001 and 74.051 of the Code. The trial court denied the appellants' motions for summary judgment, and this court granted appellants permission to appeal the trial court's interlocutory orders. *See* TEX. R. APP. P. 28.3. On appeal, the appellants contend the trial court erred in denying their motions for summary judgment because: (1) the two-year limitations period contained in section 74.251(a) of the Code is not unconstitutional as applied to minors; and, in the alternative (2) Lopez is not entitled to use the tolling provision contained in section 74.051 to further toll the statute of limitations. We affirm the trial court's orders.

## STATEMENT OF FACTS

Lopez filed the underlying health care liability claims against the appellants based on treatment she received from December 11, 2005 to December 17, 2005, when she was twelve years of age. Lopez turned eighteen on March 11, 2011, and served written notice of her claims on March 8, 2013. Lopez then filed the underlying lawsuit on March 17, 2013.

In their motions for summary judgment, the appellants asserted that Lopez's claims were barred by the two-year limitations provision set forth in section 74.251 of the Code because she failed to file her lawsuit by December 17, 2007, two years after the date of her last treatment. Lopez responded that she was a minor at the time of her treatment; therefore, the two-year limitations provision is unconstitutional as applied to her. Lopez contends that because she timely served written notice of her claims on March 8, 2013, she timely filed her lawsuit before the applicable limitations period expired on March 22, 2013, or two years and seventy-five days after she turned eighteen. The appellants replied that Lopez's claims were untimely filed, even assuming the limitations provision in section 74.251 is unconstitutional as applied to her, because she is not also entitled to the additional seventy-five day tolling period set forth in section 74.051(c) of the Code.

The trial court denied the appellants' motions, and we granted the appellants permission to appeal.

## STANDARD OF REVIEW

"We review a trial court's grant of summary judgment *de novo*." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 484, 508 (Tex. 2010). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). "If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." *Id*. "When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*.

## CONSTITUTIONALITY OF SECTION 74.251(A) AS APPLIED TO MINORS

The appellants initially contend the trial court erred in denying their motions for summary judgment because Lopez failed to meet her burden of establishing that the limitations period in section 74.251(a) of the Code is unconstitutional as applied to minors. Based on this court's holding in *Adams v. Gottwald*, 179 S.W.3d 101 (Tex. App.—San Antonio 2005, pet. denied), we disagree.

In *Adams*, fourteen-year-old Sage Adams underwent dental treatment in November and December of 2000. 179 S.W.3d at 102. In November of 2003, Sage's parents sued the dentist and her professional corporation for medical malpractice. *Id*. The dentist and her professional corporation moved for summary judgment based on the limitations provision set forth in section 74.251(a) of the Code, and the trial court granted the motion. *Id*.

On appeal, the Adamses argued the trial court erred in granting the motion for summary judgment because the limitations provision set forth in section 74.251 violated the open courts provision contained in article I, section 13 of the Texas Constitution. *Id.* at 102-03; *see also* TEX. CONST. art I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). This court first noted section 74.251 provided:

> Notwithstanding any other law, and subject to subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years may have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this section applies to all persons regardless of minority or any other legal disability.

*Id.* at 103 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (West 2003)). This court then noted section 74.251 was virtually identical to section 10.01 of the Medical Liability Act which the Texas Supreme Court held was unconstitutional when applied to a minor because it violated the open courts provision of the Texas Constitution. *Id.* (citing *Weiner v. Wasson*, 900 S.W.2d 316, 318 (Tex. 1995) and *Sax v. Votteler*, 648 S.W.2d 661, 665-67 (Tex. 1983)). Concluding that this court was bound by *Sax* and *Weiner*, this court held "that, as applied to minors like Sage Adams, section 74.251 of the [Code] is unconstitutional under the open courts provision contained in article I, section 13 of the Texas Constitution." *Id.*

The appellants attempt to distinguish *Adams* by asserting the Adamses filed their lawsuit well before Sage's 20th birthday and by referencing the "major overhaul of malpractice law" undertaken by the Legislature in 2003. First, we note *Adams* was decided in 2005, which was two years after the "major overhaul" of the law. Second, the language of section 74.251 has not changed since our decision in *Adams*. Finally, section 16.001 tolls limitations until a minor reaches

the age of 18; therefore, the filing of a lawsuit asserting a health claim liability claim has the same effect if the lawsuit is filed at any time on or before the minor's 20th birthday. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2002). Accordingly, we reaffirm our prior decision in *Adams* and hold the limitations period set forth in section 74.251 is unconstitutional as applied to minors like Lopez under the open courts provision of the Texas Constitution.

### SECTION 74.051 TOLLING

The appellants further contend that even if the two-year limitations period set forth in section 74.251 is unconstitutional as applied to minors, Lopez's claims are still barred because she did not file suit until after her 20th birthday. The appellants acknowledge that Lopez sent pre-suit notice letters three days before her 20th birthday; however, the appellants assert Lopez filed her lawsuit 67 days after her 20th birthday, and they argue Lopez is not entitled to the additional 75-day tolling period set forth in section 74.051 of the Code. Despite their argument, the appellants acknowledge, "No Texas court has directly addressed whether a minor who is allowed to toll accrual of limitations until her 18th birthday through Chapter 16 of the [Code] (giving her until her 20th birthday to file suit) is allowed an additional 75-day tolling period based on pre-suit notice."

Section 74.051(a) of the Code requires a person asserting a health care liability claim to give written notice of the claim, accompanied by the authorization form for release of protected health information required under section 74.052, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a lawsuit asserting the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011). Section 74.051(c) provides: "Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties." *Id*. at § 74.051(c). The purpose of the pre-suit notice is to encourage pre-suit

negotiation and settlement, thereby reducing litigation costs. *See Tex. West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 189 (Tex. 2012); *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011).

In support of their argument that the 75-day tolling period does not apply to Lopez's lawsuit, the appellants first argue that the Austin court's opinion in *Medina v. Lopez-Roman*, 49 S.W.3d 393 (Tex. App.—Austin 2000, pet. denied), suggests that it does not. In *Medina*, the plaintiff sustained an injury on March 3, 1994, when he was fifteen. 49 S.W.3d at 395-96. The plaintiff turned eighteen on April 3, 1996, and filed suit on April 3, 1998. *Id*. at 396. The defendants argued the lawsuit was barred by limitations because the limitations period expired at midnight on April 2, 1998. *Id*. at 397. The Austin court rejected this argument, adopting "the more logical computation method whereby one looks at the calendar day that a minor attains majority and then uses the corresponding date two years later." *Id*. The court held the plaintiff timely filed the lawsuit because he "filed suit on April 3, 1998, two years after his eighteenth birthday." *Id*. at 399. Because the court held the suit was timely filed, it did not even consider whether the 75-day tolling period would apply given that the plaintiff provided the defendants with pre-suit notice. Accordingly, we disagree that *Medina* supports the appellants' argument.

The appellants next respond to an argument Lopez made in her summary judgment response that the purpose of the pre-suit notice provision would be undermined if she did not receive the benefit of that provision. The appellants contend Lopez already had the benefit of an extended negotiation period based on the tolling under section 16.001, and no additional tolling was necessary to satisfy the purpose of the pre-suit notice provision. We disagree with appellants' contention. The tolling under section 16.001 is intended to provide a minor with additional time in which to pursue her claims. It is not designed to trigger negotiation between the parties.

Accordingly, we conclude tolling under section 16.001 does not satisfy the purpose of the pre-suit notice.

Finally, the appellants argue the "applicable statute of limitations" that the pre-suit notice provision is intended to toll is the limitations period set forth in section 74.251. However, section 74.051(c) does not refer to the "applicable statute of limitations set forth in section 74.251," and to construe section 74.051(c) in the manner suggested by the appellants would require this court to engraft language into the statute. If we were to do so, we would run afoul of the "general rule that courts should not insert words in a statute except to give effect to clear legislative intent." *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). In this case, appellants have provided no clear legislative intent to limit the 75-day tolling period in the manner suggested. Moreover, appellants do not suggest that Lopez was not required to provide the pre-suit notice mandated by section 74.051(a) which triggers the tolling under section 74.051(c). Therefore, we hold the limitations period applicable to Lopez's claims was tolled by her pre-suit notice. Accordingly, her claims were timely filed.

### CONCLUSION

The trial court's orders denying the appellants' motions for summary judgment are affirmed.

Sandee Bryan Marion, Chief Justice