ACCEPTED
04-14-00803-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/3/2015 12:05:06 AM
KEITH HOTTLE
CLERK

<u>**ORAL ARGUMENT REQUESTED**</u>

**NO. 04-14-00803-CV**

**IN THE**
**FOURTH COURT OF APPEALS AT SAN ANTONIO**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

03/3/2015 12:05:06 AM

KEITH E. HOTTLE
Clerk

_____

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G, ET AL.**
**Appellants,**


**v.**


**GABRIELA LOPEZ**
**Appellee.**
_____


**On appeal from the 341st Judicial District Court of Webb County, Texas**
**Cause No. 2013CVT 000841-D3 (Hon. Beckie Palomo)**

---

**BRIEF OF APPELLEE**

---

**Darrell L. Keith**
**SBOT No. 11186000**
**dkeith@keithlaw.com**
**Laura A. Russell**
**SBOT No. 24046777**
**lrussell@keithlaw.com**
**KEITH LAW FIRM, P.C.**
**301 Commerce Street, Suite 2850**
**Fort Worth, Texas 76102**
**T. 817. 338.1400**
**F. 817. 870.2448**
**ATTORNEYS FOR APPELLEE**

**IN THE**
**FOURTH COURT OF APPEALS AT SAN ANTONIO**

_____

**JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G, ET AL.**
**Appellants,**

**v.**

**GABRIELA LOPEZ**
**Appellee.**

_____

**On appeal from the 341st Judicial District Court of Webb County, Texas**
**Cause No. 2013CVT 000841-D3 (Hon. Beckie Palomo)**

---

## IDENTITY OF PARTIES AND COUNSEL

---

In accordance with Rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list of names and addresses of the parties to the trial court's judgment and their counsel:

**Appellee:**              Gabriela Lopez

**Appellants:**            Juan Francisco Montalvo, M.D.,
                           Miguel E. Najera, J.D., Executor of
                           Estate of Miguel E. Najera, M.D.,
                           Deceased,Winder N. Vasquez, M.D.,
                           Laredo Regional Medical Center, L.P.
                           d/b/a Doctors Hospital of Laredo

**Appellate Counsel for Appellee:**    Darrell L. Keith
Laura A. Russell
Keith Law Firm, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 75102

**Trial Counsel for Appellee:**    Darrell L. Keith
Keith Law Firm, P.C.
301 Commerce Street, Suite 2850
Fort Worth, Texas 75102

**Appellate Counsel for Appellants**    Diana L. Faust
**Juan Francisco Montalvo, M.D.,**    R. Brent Cooper
**Miguel E. Najera, J.D., Executor**    Kyle M. Burke
**of Estate Of Miguel E. Najera,**    Cooper & Scully, P.C.
**M.D., Deceased, Winder N. Vasquez,**    900 Jackson St., Suite 100
**M.D., Laredo Regional Medical**    Dallas, Texas 75202
**Center, L.P. d/b/a Doctors Hospital**
**of Laredo:**

**Trial Counsel for Juan**    Mr. James Kevin Oncken
**Francisco Montalvo, M.D.:**    Roger A. Berger
Uzick & Oncken, P.C.
238 Westcott Street
Houston, Texas 77007

**Trial Counsel for Miguel E.**    Mr. W. Richard Wagner
**Najera, J.D., Executor of Estate**    Mr. Peter Cario
**Of Miguel E. Najera, M.D.,**    Wagner Cario, L.L.P
**Deceased:**    7718 Broadway, Suite 100
San Antonio, Texas 78209

**Trial Counsel for Winder N.**    Mr. Bruce E. Anderson
**Vasquez, M.D.:**    Mr. James W. Veale, Jr.
Ms. Lorien L. Whyte
Brin & Brin, P.C.
6223 IH 10 West
San Antonio, Texas 78201

**Trial Counsel for Laredo**
**Regional Medical Center, L.P.**
**d/b/a Doctors Hospital of Laredo:**

Mr. Steven M. Gonzalez
Mr. Edward J. Castillo
Gonzalez Castillo, LLP
1317 E. Quebec Avenue
McAllen, Texas 78503

NO. 04-14-00803-CV


IN THE
FOURTH COURT OF APPEALS AT SAN ANTONIO

_____


JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G, ET AL.
Appellants,


v.


GABRIELA LOPEZ
Appellee.

_____


On appeal from the 341st Judicial District Court of Webb County, Texas
Cause No. 2013CVT 000841-D3 (Hon. Beckie Palomo)


REQUEST FOR ORAL ARGUMENT


Appellee Gabriela Lopez respectfully requests oral argument in this case and

believes it will help the Court in evaluating the case and resolving this appeal.

Tex. R. App. P. 39.1, 39.7.

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.................................................................. i

REQUEST FOR ORAL ARGUMENT ................................................................ iv

TABLE OF CONTENTS..................................................................................v

TABLE OF AUTHORITIES .......................................................................... vii

STATEMENT OF THE CASE ....................................................................... xi

ISSUES PRESENTED.................................................................................. xiii

STATEMENT OF FACTS .............................................................................1

SUMMARY OF THE ARGUMENT ..............................................................4

ARGUMENT AND AUTHORITIES ............................................................4

    I. THE COURT SHOULD AFFIRM THE TRIAL COURT'S ORDER................................4

        A.    STANDARD OF REVIEW............................................................4

        B.    GABRIELA LOPEZ'S CAUSE WAS TIMELY FILED . .................................4

                1. THIRTY YEARS OF PRECEDENT SUPPORTS THE TRIAL COURT HOLDING § 74.251(a) FACIALLY UNCONSTITUTIONAL..............4

                2. THE STATUTE OF LIMITATIONS APPLICABLE TO GABRIELA LOPEZ'S CAUSE IS TEXAS CIVIL PRACTICE AND REMEDIES CODE § 16.003, AS TOLLED BY § 16.001. ........................................11

                3. GABRIELA LOPEZ'S NOTICE OF HEALTH CARE LIABILITY CLAIM TOLLED THE APPLICABLE STATUTE OF LIMITATIONS FOR 75 DAYS. ................................................................12

v

CONCLUSION ..................................................................................19

PRAYER ..........................................................................................21

CERTIFICATE OF COMPLIANCE ..................................................16

CERTIFICATE OF SERVICE............................................................23

# TABLE OF AUTHORITIES

## CASES

*Adams v. Gottwald*,
179 S.W.3d 101 (Tex. App.—San Antonio 2005, pet. denied).........................6, 7, 8

*Borowski v. Ayers*, No. 10-13-00077-CV,
2013 Tex. App. LEXIS 14784 (Tex. App.—Waco Dec. 5, 2013, no pet.)...............3

*CSFB 1998-PI Buffalo Speedway Office, Ltd. Partnership v. Amtech Elevator
Services Co.*, No. 01-08-00639-CV, 2010 Tex. App. LEXIS 6830
(Tex. App.—Houston [1st Dist.] Aug. 19, 2010, no pet.).....................................3, 4

*De Romo v. St. Mary of Plains Hosp. Fnd.*,
843 S.W.2d 72 (Tex. App.—Amarillo 1992, writ denied)....................................12

*Diamond Prods. Int'l v. Handsel*,
142 S.W.3d 491 (Tex. App.—Houston [14th Dist.] 2004, no pet.).........................3

*Double Diamond Delaware, Inc. v. Walkinshaw*, No. 05-13-00893-CV,
2013 Tex. App. LEXIS 12447 (Tex. App.—Dallas Oct. 7, 2013, no pet.)...............3

*Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010)......................................10, 11

*In re Collins*, 286 S.W.3d 911, 916-17 (Tex. 2009) .........................................10,11

*Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68 (Tex. 2011) .....10, 11, 13

*Karley v. Bell*, 24 S.W.3d 516 (Tex. App.—Fort Worth 2000, pet. denied) ..........12

*King-A Corp. v. Wehling*, No. 13-13-00100-CV, 2013 Tex. App. LEXIS 2761,
(Tex. App.—Corpus Christi March 14, 2013, no pet) ............................................3

*Mock v. Presbyterian Hosp.*,
379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied) ..................................12, 13

*Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.)............11, 12

*Sax v. Votteler,* 648 S.W.2d 661 (Tex. 1983) ....................................................6, 7, 8

*Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983) ........10

*State Fair of Tex. v. Iron Mountain Info. Mgmt.*,
299 S.W. 3d 261 (Tex. App.—Dallas 2009, no pet.)...............................................3

*Tejada v. Gernale*, 363 S.W.3d 699 (Tex. App.—Houston 2011, no pet.)..............12

*Texas Farmers Ins. Co. v. Minjarez*, No. 08-12-00272-CV,
2012 Tex. App. LEXIS 9043 (Tex. App.—El Paso Oct. 31, 2012, no pet.).............3

*The Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 Tex. App. LEXIS 125435
(Tex. App.—Corpus Christi Oct. 10, 2013, no pet.).................................................3

*Weiner v. Wasson*, 900 S.W.2d 316 (Tex. 1995) ............................. 5, 6, 7, 8, 9, 13

**STATUTES**

Tex. Const. art. I § 13. ........................................................................................5, 7

Tex. Civ. Prac. & Rem. Code § 16.001 ................................................... 8, 9, 13, 14

Tex. Civ. Prac. & Rem. Code § 16.003 ................................................... 8, 9, 13, 14

Tex. Civ. Prac. & Rem. Code § 51.014(d) ...........................................................2

Tex. Civ. Prac. & Rem. Code § 74.051 ......................................... 9, 11, 13, 14, 15

Tex. Civ. Prac. & Rem. Code § 74.052 ...........................................................11, 13

Tex. Civ. Prac. & Rem. Code § 74.251(a)............................4, 5, 6, 7, 9, 11, 14, 15

Tex. Rev. Civil Stat. art. 4590i § 10.01(a)............................................ 5, 6, 7, 8, 12

Tex. Rev. Civil Stat. art. 4590i § 4.01 ............................................................10, 12

Tex. Ins. Code art. 5.82 § 4 ..............................................................................5, 6

# RULES

Texas Rule of Appellate Procedure 28.3(e)(4) ......................................................2, 3

## NO. 04-14-00803-CV

## IN THE
## FOURTH COURT OF APPEALS AT SAN ANTONIO

_____

## JUAN FRANCISCO MONTALVO, M.D., F.A.C.O.G, ET AL.
**Appellants,**

**v.**

## GABRIELA LOPEZ
**Appellee.**

_____

**On appeal from the 341st Judicial District Court of Webb County, Texas
Cause No. 2013CVT 000841-D3 (Hon. Beckie Palomo)**

---

### BRIEF OF APPELLEE

---

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF
APPEALS:**

Appellee Gabriela Lopez submits this Brief of Appellee in accordance with

Texas Rules of Appellate Procedure 9.4 and 38 and the Local Rules of this Court.

In support of affirming the trial court's denial of Appellants' motions for summary

judgment and affirming the trial court's substantive rulings, Appellee Gabriela

Lopez respectfully alleges as follows:

**STATEMENT OF THE CASE**

The underlying proceeding is a medical malpractice action brought by Appellee Gabriela Lopez against Appellants Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D., Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo based on claims of the Appellants' medical negligence and gross negligence which proximately caused Appellee Lopez's injuries, harm, and damages.

Appellee Gabriela Lopez filed this cause against Appellants on May 17, 2013, in the 341st Judicial District Court, Webb County, Texas, the Honorable Beckie Palomo presiding (the "Trial Court").

On March 19, 2014, the Trial Court entered four interlocutory orders denying the motions for summary judgment filed by each of the Defendants in cause no. 2013-CVT000841-D3, styled *Gabriela Lopez v. Juan Francisco Montalvo, M.D., F.A.C.O.G., Winder N. Vasquez, M.D., Miguel E. Najera, J.D., Executor of the Estate of Miguel E. Najera, M.D., Deceased, and Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo*. On April 2, 2014, the Defendants filed a motion to appeal interlocutory order in the Trial Court. On April 22, 2014, Plaintiff Gabriela Lopez filed her response in opposition. On November 3, 2014, the Trial Court entered its Amended Order Denying

Defendants' Motions for Summary Judgment and Granting Defendants' Motion for Permission to Appeal Interlocutory Order.

On November 14, 2014, Appellants filed their Appellants' Petition for Permission to Appeal Amended Order Denying Defendants' Motions for Summary Judgment and Granting Defendants' Motion for Permission to Appeal Interlocutory Order with this Court (hereinafter "Appellants' Petition"). Appellee Gabriela Lopez opposed Appellants' Petition for Permission to Appeal. On January 7, the Court granted Appellant's Petition.

## ISSUES PRESENTED

1. Whether the trial court erred when it concluded that TMLA § 74.251(a) is facially unconstitutional and violates Texas Constitution article I, § 13's Open Courts provision as to minors, and determined that Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 govern limitations as to Plaintiff's health care liability claim when it is undisputed that *Gabriela Lopez was a minor* at the time of the health care made the basis of her claims in this cause, and thirty years of precedent in the Texas Supreme Court and the San Antonio Court of Appeals holds the language in section 74.251(a) and its predecessor statutes *unconstitutional as applied to minors*.

2. Whether the trial court erred when it concluded that TMLA section 74.051(c) provides a 75-day tolling period for presuit notice for Gabriela Lopez where it is undisputed that (i) Gabriela Lopez's claim is a health care liability claim, which, by statute, requires presuit notice; (ii) Gabriela Lopez complied with TMLA's section 74.051's 60-day presuit notice requirement; (iii) the statute states: "Notice given as provided in this chapter shall toll the *applicable* statute of limitations to and including a period of 75 days following the giving of the notice," and does *not* limit the "*applicable* statute of limitations" to TMLA 74.251(a); and (iv) the purpose of the 60-day notice and concomitant 75-day tolling provision is to encourage investigation of claims, negotiation, and settlement.

## STATEMENT OF FACTS

This is a medical malpractice action brought by Appellee, Gabriela Lopez, against Appellants based on claims of the Appellants' medical negligence and gross negligence which occurred when Gabriela Lopez was 12 years old. (CR 27-32, 429-440). Gabriela Lopez turned 18 years old on March 11, 2011.

On March 8, 2013, Gabriela Lopez served written notice of her health care liability claim under Texas Civil Practice and Remedies Code § 74.051 on Appellants. (CR 184-90, 287-94). Less than 75 days later, on May 17, 2013, Gabriela Lopez filed her lawsuit against Appellants. (CR 26-27).

In August 2013, each Appellant filed a traditional motion for summary judgment which alleged that Gabriela Lopez's health care liability claims were barred by the statute of limitations in section 74.251(a) of the Civil Practice and Remedies Code. (CR 77-82, 105-10, 119-24, 174-83).

Gabriela Lopez timely filed responses to each of the motions for summary judgment, asserting that Texas Medical Liability Act (TMLA) section 74.251(a) is unconstitutional as to minors as violative of the Open Courts provision of the Texas Constitution Article I, § 13, and that she was a minor at the time Appellants' medical negligence and gross negligence occurred. (CR 280-83, 339-41, 488-91). For this reason, Gabriela Lopez responded that her claims were governed by the statute of limitations and tolling provision in Texas Civil Practice of Remedies

1

Code sections 16.001 and 16.003. *Id.* Additionally, because Gabriela Lopez provided the mandatory 60-day notice of her health care liability claim accompanied by the authorization forms for release of protected health information in accordance with TMLA sections 74.051 and 74.052, she asserted the 75-day tolling provision provided by that section. (CR 283-84, 342-43, 361-62, 491-92). Following a hearing held March 5, 2014, the Trial Court entered Orders on March 19, 2014, denying the motions for summary judgment. Appellants filed their replies (CR 421-22, 558-59, 580-81), and Gabriela Lopes filed supplemental responses. (CR 464-788, 563-78).

On March 5, 2014, the trial court heard the Appellants' motions for summary judgment, and on March 19, 2014, signed orders denying Appellants' motions. (CR 587, 599, 611, 623).

On April 2, 2014, Appellants filed a motion for permission to appeal interlocutory order [sic] with the Trial Court. (CR 635-43). Gabriela Lopez timely filed a response in opposition. (*Id.*). Following a hearing held May 5, 2014, on November 3, 2014, the trial court entered its Amended Order Denying Defendants' Motions for Summary Judgment and Granting Defendants' Motion for Permission to Appeal Interlocutory Order. (CR 656-72).

The trial court made the following substantive rulings:

> (1) Because TMLA § 74.251(a) is facially unconstitutional and violates Texas Constitution article I, § 13's Open Courts

2

provision as to minors, Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 govern limitations as to Plaintiff's health care liability claim; and

(2) TMLA § 74.051(c) applies to further toll limitations under Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 for Plaintiff's health care liability claim, for a period of 75 days following her giving of notice and authorization for release of protected health information to Defendants on March 8, 2013, which was prior to the expiration of the applicable two-year statute of limitations. As applied, TMLA §§ 74.051(c) and 74.052 tolled Plaintiff's health care liability claim until May 22, 2013. Because Plaintiff filed her health care liability claim lawsuit on May 17, 2013, the applicable statute of limitations does not bar Plaintiff's health care liability claim against Defendants.

(CR 657-58).

## SUMMARY OF THE ARGUMENT

It is settled precedent of the Texas Supreme Court and this Court that section 74.251(a) of the Texas Medical Liability Act (TMLA)[1] and its predecessor limitations provisions are unconstitutional as applied to minors like the Appellee Gabriela Lopez. Consequently, the statute of limitations applicable to Gabriela Lopez is Texas Civil Practice and Remedies Code section 16.003, as tolled by section 16.001. Further, it is well established that timely notice of a health care liability claim provided under TMLA section 74.051(a) tolls "the applicable statute of limitations." The two year statute of limitations under section 16.003 started to

---

[1] Texas Medical Liability Act (TMLA), Tex. Civ. Prac. & Rem. Code § 74.251(a) (Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003).

3

run on Gabriela Lopez's eighteenth birthday, March 11, 2011. Gabriela Lopez served notice of her claim, accompanied by the authorization for release of protected health information on March 8, 2013, prior to the expiration of the two year statute of limitations, and filed this cause on May 17, 2013, well within the statute of limitations as tolled. Appellants' argument that adequate and timely notice under TMLA § 74.051(c) did not toll the statute of limitations for seventy-five days (due to the unconstitutionality 74.251(a) as applied to minors and the operation of Texas Civil Practice and Remedies Code section 16.003, as tolled by section 16.001 in its place) lacks any support and is an attempt to create a trap for the unwary who, heaven forfend, merely follow the letter of TMLA § 74.051(c).

## ARGUMENT AND AUTHORITIES

### I.     The Court Should Affirm the Trial Court's Order.

#### A.     Standard of Review

An appellate court reviews the grant or denial of a motion for summary judgment de novo. *Safeco Lloyds Ins. Co. v. Allstate Ins. Co.*, 308 S.W.3d 49, 52, (Tex. App. San Antonio 2009, no pet.).

#### B.     Gabriella Lopez's Cause Was Timely Filed.

##### 1. Thirty Years of Precedent Support the Trial Court Holding § 74.251(a) Facially Unconstitutional.

Thirty years of precedent from the Texas Supreme Court and this Court of Appeals demonstrates that the statute of limitations provision for minors in section

4

74.251(a) of the Texas Medical Liability Act (TMLA)[2] is facially unconstitutional, yet Appellants argue otherwise. Because the Appellants' argument is unsupportable, it should be rejected.

The TMLA limitations provision, Section 74.251(a), provides:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, *minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.* Except as herein provided this section applies to all persons regardless of minority or other legal disability.

Tex. Civ. Prac. & Rem. Code § 74.251(a) (emphases added). The predecessor statute to the TMLA, the Texas Medical Liability and Insurance Improvement Act (TMLIIA), Texas Revised Civil Statutes article 4590i, section 10.01(a),[3] included *identical language* to that contained in the TMLA section 74.251(a). TMLIIA section 10.01(a), provided:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, *minors under the*

[2] Texas Medical Liability Act (TMLA), Tex. Civ. Prac. & Rem. Code § 74.251(a) (Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003).

[3] Texas Medical Liability and Insurance Improvement Act (TMLIIA), Tex. Rev. Civ. Stat. art. 4590i § 10.01(a) (Acts, 65th Leg., p. 2039, ch. 817, Part 1, eff. Aug. 29, 1977) (Repealed by Acts 2003, 78th Leg., ch. 204, § 10.09, eff. Sept. 1, 2003).

*age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.* Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TMLIIA, Tex. Rev. Civ. Stat. art. 4590i § 10.01(a) (emphases added). The Texas Supreme Court held Section 10.01(a) of the TMLIIA "*unconstitutional as applied to minors*" because a minor cannot sue on her own behalf until she reaches majority; therefore, section 10.01(a) violates article I section 13 of the Texas Constitution. *Weiner v. Wasson*, 900 S.W.2d 316, 318-21 (Tex. 1995) (emphases added).

Before the Texas Supreme Court held TMLIIA section 10.01(a) to be unconstitutional, it found section 10.01(a)'s predecessor statute, Texas Insurance Code Art. 5.82, section 4 *unconstitutional as applied to minors* for the same reason. *Sax v. Votteler,* 648 S.W.2d 661, 667 (Tex. 1983).[4] Significantly, the *Weiner* Court found this provision **facially unconstitutional**, and refused to limit *Sax* to an "'as applied' or case-by-case basis" or to "somehow limit the holding of [*Sax*] to its facts." *Weiner*, 900 S.W.2d at 320. Instead, it has come to stand for the larger premise that "the Legislature has no power to make a remedy contingent

---

[4] Article 5.82 established a two-year statute of limitations, except that children under the age of 6 were granted until their 8th birthday in which to file a claim. Tex. Ins. Code Art. 5.82, § 4. In *Weiner*, the Texas Supreme Court noted that § 10.01 and its predecessor, Article 5.82, were substantially the same. *Weiner v. Wasson,* 900 S.W.2d at 318.

upon an impossible condition." *Id.* at 319. The *Weiner* Court further stated that "undeniably, *Sax* has become firmly ensconced in Texas jurisprudence." *Id.* at 320.

In *Adams v. Gottwald*, 179 S.W.3d 101, 103 (Tex. App.—San Antonio 2005, pet. denied), this Court of Appeals held that TMLA section 74.251 is unconstitutional as applied to minors under the open courts provision of article I, section 13 of the Texas Constitution. The Court compared the language of TMLA § 74.251(a) with the language of TMLIIA § 10.01(a), and deemed them "virtually identical." *Id.* The *Adams* Court concluded that it was "bound by *Sax* and *Weiner.*" *Id.* at 103.

Given the precedent of the Texas Supreme Court and this Court, the law is well-settled regarding the unconstitutionality of section 74.251(a) as applied to minors. The Appellants' argument that the Texas Supreme Court has not ruled on section 74.251(a) fails because the language of TMLA § 74.251(a) and the language in TMLIIA § 10.01(a) that the *Weiner* Court found unconstitutional is—in the words of this Court—"virtually identical." *Id.* Furthermore, as much as the Appellants might wish otherwise, the holding in *Adams* is binding authority in the Fourth Court of Appeals.

Next, the Appellants contend that the Texas Legislature "undertook a major overhaul of medical malpractice law in 2003," i.e., when it enacted the TMLA to replace the TMLIIA, but explain that the Legislature purposefully ignored *Weiner*

7

in enacting the same statute of limitations for minors in the TMLA that had previously existed and had been ruled unconstitutional in *Weiner*, namely that "*minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.*" (Appellants' Brief at 16,18). Taken as true, the Legislature may have chosen to ignore *Weiner*, but the Legislature cannot render the language of TMLA § 74.251(a) constitutional, when it is "virtually identical" to the language in TMLIIA § 10.01(a) that the *Weiner* Court found facially unconstitutional as violative of article I section 13 of the Texas Constitution. *Id.*[5]

As explained in *Weiner*, 900 S.W.2d at 318-21, and *Adams*, 179 S.W.3d at 103, because Gabriela Lopez could not sue on her own behalf until she reached majority, TMLA § 74.251(a) violates article I section 13 of the Texas Constitution. Appellants contend (for the first time) that it is Gabriela Lopez's burden to demonstrate that TMLA § 74.251(a) is an unreasonable exercise of the police power in the interest of the general welfare, citing the recent decision *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698 (Tex. 2014). Significantly, the *Rivera* Court expressly distinguished itself from *Sax* and *Weiner* as (a) concerning TMLA

---

[5] Indeed, it is unclear why Appellants repeatedly refer to "wholesale revisions to Texas medical malpractice law in 2003" as though it would alter the Court's consideration of § 74.251(a), where that language remains unchanged from its predecessor statute. (*See, e.g.,* Brief of Appellants at 18-19).

8

section 74.251(b), a ten year statute of repose that is *not* limited to minors, and (b) explaining that *Sax* and *Weiner* considered statutes of limitations provisions that were expressly applied to minors, which were facially unconstitutional, whereas the challenge to the statute of repose in *Rivera* was an as-applied attack. *Id.* at 706. It is worth noting, moreover, that the *Sax* Court engaged in the police power analysis and weighed many of the same arguments raised by the 2003 Legislature. *Sax*, 648 S.W.2d at 666.[6] Ultimately, the *Sax* Court concluded that while "both the purpose and basis for article 5.82 are legitimate" and the "length of time that insureds are exposed to potential liability has a bearing on the rates that insurers must charge . . . . [w]e cannot agree, however, that the means used by the legislature to achieve this purpose, article 5.82, section 4, are reasonable when they are weighed against the effective abrogation of a child's right to redress." *Sax*, 648 S.W.2d at 667.

---

[6] The Court summarized:

> Specifically, the legislation's proponents argued that the number and amount of health care claims had increased to the point that it was indirectly affecting the availability and quality of health care. This effect was due to the higher costs of medical malpractice insurance and its unavailability. The general purpose of the statute, therefore, was to provide an insurance rate structure that would enable health care providers to secure liability insurance and thereby provide compensation for their patients who might have legitimate malpractice claims. The specific purpose of the provision in question was to limit the length of time that the insureds would be exposed to potential liability.

*Sax*, 648 S.W.2d at 666.

9

Finally, Appellants' assertions that Gabriela Lopez's cause should be treated differently from *Adams* and *Weiner* even though Gabriela Lopez was a minor at the time of her medical and/or health care treatment because "*Adams* involved a claim filed by the plaintiff's parents well before the child's 20th birthday, and no other Texas appellate court has considered whether section 74.251(a) is unconstitutional as applied to all minors, or under the facts of this case" impermissibly attempts to limit Appellee Gabriela Lopez's constitutional challenge to an "'as applied' or case-by-case basis" something the Texas Supreme Court flatly rejected. *Weiner*, 900 S.W.2d at 320. There is no individual burden,[7] and Appellants cannot create one out of whole cloth, in direct contradiction of Texas Supreme Court precedent.

Appellants can attempt to cloud the issue, but *Weiner*, *Sax*, and *Adams* are clear: TMLA § 74.251(a) and its predecessors are facially unconstitutional as applied to minors under the open courts provision of article I, section 13 of the Texas Constitution because a minor cannot sue on his or her own behalf until reaching the age of majority. *Weiner*, 900 S.W.2d at 318-21, *Sax*, 648 S.W.2d at 667, *Adams*, 179 S.W.3d at 103. Appellants cite no authority contrary to *Weiner*, *Sax*, or *Adams*. Indeed, there is no authority which holds TMLA § 74.251(a)'s limitations provisions for minors (or its predecessors) constitutional.

---

[7] *See id*. "We fail to see any benefit in requiring a minor to show that his or her parent was incompetent or failed to act in the minor's best interests by not pursuing a medical malpractice claim, especially when the very failure of the parent to do so leaves the minor without any legal recourse."

10

**2. The Statute of Limitations Applicable to Gabriela Lopez's Cause is Texas Civil Practice and Remedies Code § 16.003, as Tolled by § 16.001.**

The Texas Supreme Court in *Weiner v. Wasson* held that the limitations period that applies to minors' health care liability claims under former TMLIIA § 10.01 is set forth in Texas Civil Practice and Remedies Code sections 16.001 and 16.003, which "together provide a general statute of limitations for minors' personal injury claims." *Weiner*, 900 S.W.2d at 321. (citing *Sax*, 648 S.W.2d at 663) (noting "these provisions date back to at least 1911"). As the Supreme Court explained, "Section 16.003 establishes a two-year limitations period, but section 16.001 tolls this period until the minor reaches age eighteen." *Weiner*, 900 S.W.2d at 321. Specifically, section 16.001 provides, "a person is under a legal disability if the person is: [] younger than 18 years of age." Tex. Civ. Prac. & Rem. Code § 16.001(a)(1). "If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." *Id.* § 16.001(b). Accordingly, the Texas Supreme Court stated, "we conclude that the limitations period provided by the general tolling and limitations provisions of Texas Civil Practice and Remedies Code sections 16.001 and 16.003 apply to [the plaintiff's] claim." *Weiner*, 900 S.W.2d at 321.

Because it is undisputed that Gabriela Lopez was a minor at the time at the time of the health care which is the basis of her claims in this cause, Gabriela Lopez could not sue on her own behalf until she reached majority. Accordingly, TMLA § 74.251(a) violates article I section 13 of the Texas Constitution, and Texas Civil Practice and Remedies Code sections 16.001 and 16.003 apply to her claim. *Id.*

### 3. Gabriela Lopez's Notice of Health Care Liability Claim Tolls the Applicable Statute of Limitations for 75 Days.

The presuit notice provision of the Texas Medical Liability Act (TMLA), Texas Civil Practice and Remedies Code section 74.051(a), provides that

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

Timely notice provided under TMLA § 74.051(a) tolls "*the applicable statute of limitations*." TMLA § 74.051(c) provides that

> Notice given as provided in this chapter shall toll *the applicable* statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

(emphases added). *Nowhere* does section 74.051(c) limit its application to only claims brought within the TMLA's § 74.251(a) limitations provision, as Appellants

12

ask this Court to hold. Indeed, such a limitation would not only be without basis in the language of the statute but also in the Supreme Court's analysis of its legislative history.[8] The Texas Supreme Court has, on multiple occasions, explained "the purpose of the [presuit] notice provision," "is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs." *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 72-73 (Tex. 2011) (citing *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010)). The *Carreras* Court expounded that "by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage." *Id.* at 73 (quoting *In re Collins*, 286 S.W.3d 911, 916-17 (Tex. 2009)); *see also Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983) (interpreting the predecessor notice provision, MLIIA § 4.01) ("The intent of the Keeton Commission and the Legislature was to encourage pre-suit negotiations so as to avoid excessive cost of litigation.").

---

[8] *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 72-73 (Tex. 2011) (explaining that the Legislature originally introduced the 60-day notice requirement provision MLIIA in 1977 65th Leg., R.S., ch. 817, § 4.01, 1977 Tex. Gen. Laws 2039, 2047-48, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884).

It is undisputed that Gabriela Lopez's claims are health care liability claims. It is undisputed that under the TMLA, Gabriela Lopez must provide at least 60-days' notice of claim before filing of a suit based upon a health care liability claim. Tex. Civ. Prac. & Rem. Code § 74.051(a). It is undisputed that Gabriela Lopez complied with TMLA § 74.051's 60-day presuit notice requirement. It cannot be disputed that the notice statute provides as follows: "Notice given as provided in this chapter shall toll the *applicable* statute of limitations to and including a period of 75 days following the giving of the notice," and does *not* limit the "*applicable* statute of limitations" to TMLA § 74.251(a). Tex. Civ. Prac. & Rem. Code at §74.051(c) (emphasis added).

Rather than look to the Supreme Court's analysis of the legislative history of the purpose of the presuit notice provision, Appellants attempt to read the minds of legislators to limit the universe of the undefined term "applicable statute of limitations." While it may be true that *Sax* and *Weiner* had not been decided in 1977, they had certainly been decided when the TMLA was enacted in 2003. If the Legislature were so intent on restricting the "applicable statute of limitations" to TMLA § 74.251(a) as Appellants contend, they certainly could have done so in 2003, when they were well aware of *Sax* and *Weiner*, and according to Appellants, were purposefully ignoring *Weiner* in leaving the language of TMLA § 74.251(a) unchanged. (Brief of Appellants at 16,18).

14

Appellants cite no reason why the purpose of the presuit notice statute would or should be any different for Gabriela Lopez than it is for any other potential claimant. But rather than utilize the 60-day presuit notice provision and its concomitant 75-day tolling provision to "investigate" and "encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs," *Carreras*, 339 S.W.3d 72-73 (citing *Garcia*, 319 S.W.3d at 643; *In re Collins*, 286 S.W.3d at 916-17), Appellants have instead chosen to attack Appellee Gabriela Lopez for having followed Supreme Court and San Antonio Court of Appeals precedent and abided by the provisions of TMLA §§ 74.051-74.052.

Indeed, it is well-settled in Texas that pursuant to TMLA § 74.051(c), a notice of health care liability claim and authorization form served in accordance with section 74.051(a) tolls the running of the applicable statute of limitations for seventy-five days. *See, e.g., Rabatin v. Kidd*, 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.) (where notice of claim and authorization form were served prior to the second anniversary of the medical treatment that was the subject of the claim, plaintiff's petition, filed two years and seventy-five days after the treatment, was timely); *Mock v. Presbyterian Hosp.*, 379 S.W.3d 391, 392, 394 (Tex. App.—Dallas 2012, pet. denied) (where notice of claim and authorization form were served prior to the second anniversary of the medical treatment that was the subject of the claim, plaintiff's petition, filed two years and sixty-nine days after the

15

treatment, was timely); *Tejada v. Gernale*, 363 S.W.3d 699, 703-08 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (where notice of claim and authorization form were served one day prior to the second anniversary of the medical treatment that was the subject of the claim, plaintiff's petition, filed two years and seventy-four days after the treatment, was timely). *Accord De Romo v. St. Mary of Plains Hosp. Found.*, 843 S.W.2d 72, 75 (Tex. App.—Amarillo 1992, writ denied) (under the predecessor statute to the TMLA, Tex. Rev. Civ. Stat. art. 4590i, § 10.01, notice of a claim served within the two-year limitations period "tolled the statute of limitations for seventy-five days, effectively crating a two year and seventy-five day statute of limitations."); *Karley v. Bell*, 24 S.W.3d 516, 519 (Tex. App.—Fort Worth 2000, pet. denied) ("Notice given in accordance with section 4.01(a) [the TMLIIA predecessor to TMLA § 74.051(c)] tolls the applicable statute of limitations for seventy-five days, effectively creating a two-year-and-seventy-five-day statute of limitations").

Because Appellee Gabriela Lopez was a minor at the time her health care liability claim arose, "the limitations period provided by the general tolling and limitations provisions of Texas Civil Practice and Remedies Code sections 16.001 and 16.003 apply to [her] claim." *Weiner*, 900 S.W.2d at 321. The two year statute of limitations under section 16.003 started to run on her eighteenth birthday, March 11, 2011. Appellee Lopez served a notice of her claim, accompanied by the

authorization for release of protected health information in accordance with TMLA § 74.051(a), on March 8, 2013, prior to the expiration of the two year statute of limitations. Appellants do not dispute that the notice and authorization forms complied with TMLA § 74.051(a) and were served prior to Appellee Gabriela Lopez's twentieth birthday. Due to her service of a notice of claim and authorization form prior to the expiration of two years, TMLA §§ 74.051(c) and 74.052 tolled Appellee Gabriela Lopez's limitations until May 22, 2013 (*i.e.*, two years and seventy-five days after her eighteenth birthday). *Carreras*, 339 S.W.3d at 74. Appellee Gabriela Lopez filed this cause on May 17, 2013, well within the statute of limitations as tolled. *Id.*; *Mock*, 379 S.W.3d at 392, 394.

Appellants' argument that adequate and timely notice under TMLA § 74.051(c) did not toll the statute of limitations for seventy-five days is entirely without merit. Appellants cite one case for the proposition that the statute of limitations applicable to Gabriela Lopez's claim expired on her twentieth birthday and could not be subject to any further tolling: *Medina v. Lopez Roman*, 49 S.W.3d 393 (Tex. App. – Austin, 2000, pet. denied). The plaintiff in *Medina*, who was a minor when his claim arose, filed suit on his twentieth birthday, within the standard two year statute of limitations. 49 S.W.3d at 399. Therefore, the Court never reached the question of whether the notice of claim served by the plaintiff tolled the statute of limitations – the question was unnecessary and irrelevant to the

17

Court's opinion. The *Medina* Court's silence regarding the effect of a notice of claim does not carry any authoritative value whatsoever. *See, e.g., Texas Industrial Traffic League v. Railroad Comm. of Texas*, 628 S.W.2d 187, 208 (Tex. App. – Austin 1982), *rev'd on other grounds*, 633 S.W.2d 821 (Tex. 1982) (rejecting appellants' argument that silence by the Texas Supreme Court on an issue which the Court could have decided was "tantamount to an affirmative declaration and holding on the legal rule," explaining that "[w]e are, in fact, requested [by appellants] to infer from the Supreme Court's silence in those three decisions the promulgation of a legal rule, principle or proposition to the effect argued for by appellants. We find this contention *extremely illogical*, and *reject it*.") (emphasis added). Courts in Texas are expected to exercise "judicial restraint." *VanDevender v. Woods*, 222 S.W.3d 430 (Tex. 2006) ("the cardinal principle of judicial restraint – if it is not necessary to decide more, it is not necessary to decide more – counsels us to go no further"). The *Medina* Court's exercise of judicial restraint cannot be interpreted as an affirmative ruling.

The language of TMLA § 74.051(c) and the weight of authority support a conclusion that a notice of health care liability claim and authorization form served in accordance with section 74.051(a) tolled Appellee Gabriela Lopez's limitations for seventy-five days, regardless of whether to TMLA § 74.251(a) or Civil Practice and Remedies Code sections 16.001 and 16.003 applied to her claims. To find

18

otherwise, as Appellants ask this Court to do, is to create a trap for the unwary that is nowhere apparent—not in case law, and certainly not in the letter of the TMLA. To follow the Appellants lead, unsuspecting minor plaintiffs, who, like Gabriela Lopez, do nothing but follow the pre-suit notice provision in TMLA § 74.051(c), would lose their day in court to a nowhere-noticed, unannounced, unlegislated technicality which, unlike the 60-day pre-suit notice provision, serves no valid purpose whatsoever. Appellee Lopez has already suffered a grievous physical injury at the hands of Appellants. Appellants should not be allowed to now, *ex post facto*, change the application of TMLA § 74.051(c) to deprive her of her day in court.

## CONCLUSION

It is undisputed that Gabriela Lopez was a minor at the time of the health care made the basis of her claims in this cause, and thirty years of precedent in the Texas Supreme Court and the San Antonio Court of Appeals holds the language in section 74.251(a) and its predecessor statutes unconstitutional as applied to minors. Accordingly, the trial court correctly concluded that TMLA § 74.251(a) is facially unconstitutional and violates Texas Constitution article I, § 13's Open Courts provision and correctly determined that Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 govern limitations as to Gabriela Lopez's health care liability claims.

It is undisputed that (i) Gabriela Lopez's claim is a health care liability claim, which, by statute, requires presuit notice; (ii) Gabriela Lopez complied with TMLA's section 74.051's 60-day presuit notice requirement; (iii) the statute states: "Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice," and does not limit the "applicable statute of limitations" to TMLA 74.251(a); and (iv) the purpose of the 60-day notice and concomitant 75-day tolling provision is to encourage investigation of claims, negotiation, and settlement. Thus, the trial court did not err in concluding that TMLA § 74.051(c) applies to further toll limitations under Texas Civil Practice and Remedies Code §§ 16.001 and 16.003 for Plaintiff's health care liability claim, for a period of 75 days following her giving of notice and authorization for release of protected health information to Defendants on March 8, 2013, which was prior to the expiration of the applicable two-year statute of limitations. As applied, TMLA §§ 74.051(c) and 74.052 tolled Plaintiff's health care liability claim until May 22, 2013. Because Plaintiff filed her health care liability claim lawsuit on May 17, 2013, the applicable statute of limitations does not bar Plaintiff's health care liability claim against Defendants.

## PRAYER

WHEREFORE, Appellee respectfully requests that the Court affirm the trial court's order denying Appellants' motions for summary judgment, and that the Court grant such other relief as to which Appellee may be justly entitled.

**RESPECTFULLY SUBMITTED,**
**K E I T H  L A W  F I R M, P. C.**
**301 Commerce Street, Suite 2850**
**Fort Worth, Texas 76102**
**T. 817.338.1400**
**F. 817. 870.2448**

**By:** */s/ Darrell L. Keith*
    **Darrell L. Keith, Attorney-in-Charge**
    **SBOT No. 11186000**
    **dkeith@keithlaw.com**
    **Laura A. Russell**
    **SBOT No. 24046777**
    **lrussell@keithlaw.com**

**ATTORNEYS FOR APPELLEE**
**GABRIELA LOPEZ**

**By:** */s/ Darrell L. Keith*
    **Darrell L. Keith**

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 5037words, as determined by the computer software's word-count function, excluding sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

By: */s/ Darrell L. Keith*
**Darrell L. Keith**

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2015, I served a true and correct copy of the foregoing Brief of Appellee by electronic service upon all counsel of record for the Appellants.

By: */s/ Darrell L. Keith*
 **Darrell L. Keith**

Mr. James Kevin Oncken
kevin@unolaw.com
Mr. Roger A. Berger
rberger@uzickoncken.com
Uzick & Oncken, P.C.
238 Westcott Street
Houston, Texas 77007
**Trial Counsel for Appellant**
**Juan Francisco Montalvo, M.D.**

**VIA ELECTRONIC SERVICE**

Diana L. Faust
R. Brent Cooper
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson St., Suite 100
Dallas, Texas 75202
**Appellate Counsel for Appellants**
**Juan Francisco Montalvo,**
**M.D., Miguel E. Najera,**
**J.D., Executor of Estate Of**
**Miguel E. Najera, M.D.,**
**Deceased, Winder N. Vasquez,**
**M.D., Laredo Regional**
**Medical Center, L.P. d/b/a**
**Doctors Hospital of Laredo**

**VIA ELECTRONIC SERVICE**

Mr. W. Richard Wagner                    **VIA ELECTRONIC SERVICE**
rwagner@wagnercario.com
Mr. Peter Cario
pcario@wagnercario.com
Wagner Cario, L.L.P
7718 Broadway, Suite 100
San Antonio, Texas 78209
**Trial Counsel for Appellant**
**Miguel E. Najera, J.D., Executor**
**of Estate Of Miguel E. Najera,**
**M.D., Deceased**

Mr. Steven M. Gonzalez                   **VIA ELECTRONIC SERVICE**
Mr. Edward J. Castillo
ecastillo@valleyfirm.com
Gonzalez Castillo, LLP
1317 E. Quebec Avenue
McAllen, Texas 78503
**Trial Counsel for Appellant**
**Laredo Regional Medical**
**Center, L.P. d/b/a Doctors**
**Hospital of Laredo**

Mr. Bruce E. Anderson                    **VIA ELECTRONIC SERVICE**
banderson@brinandbrin.com
Mr. James W. Veale, Jr.
jveale@brinandbrin.com
Ms. Lorien L. Whyte
lwhyte@brinandbrin.com
Brin & Brin, P.C.
6223 IH 10 West
San Antonio, Texas 78201
**Trial Counsel for Appellant**
**Winder N. Vasquez, M.D.**

24