

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00001-CV

LAKEISHA MACKEY AND JAKAIRA MACKEY, Appellants

V.

PATRICK LUGO, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 21-0822

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Lakeisha and Jakaira Mackey sued Patrick Lugo for injuries arising from an automobile accident. Lugo filed a traditional motion for summary judgment on his statute of limitations defense, which the trial court granted. On appeal, the Mackeys argue that summary judgment was improper only as to Jakaira because she was a minor at the time of the accident and limitations was tolled until she reached eighteen.

We agree with the Mackeys' argument that Jakaira's claims were brought and served within the statute of limitations applicable to her. Accordingly, we sustain the Mackeys' sole point of error and reverse the portion of the trial court's judgment granting summary judgment on Jakaira's claims.

## I.    Factual and Procedural Background

The accident in question occurred on September 8, 2019. At the time of the accident, Jakaira was sixteen, but she turned eighteen in July of 2021. Exactly two years after the accident, on September 8, 2021, Lakeisha filed an original petition suing Lugo. In the original petition, Lakeisha asserts the capacity to sue individually, and as next friend of Jakaira, even though Jakaira was an adult.

The crash report listed Lugo's address as "211 W 6th ST[,] Shady Shores, TX 76208." As a result, the Mackeys attempted service on that address, but Lugo had moved from that address. The citation was returned as undeliverable on September 13, 2021, and Lugo was never served with the original petition. The case sat dormant until the Mackeys filed an amended petition on August 18, 2022. According to the record, Lugo was first served with citation on

August 31, 2022, and the Mackeys also argued that he was served by a private process server on September 1, 2022.

In his March 2023 answer, Lugo argued that the Mackeys' claims were barred by the statute of limitations. Consequently, Lugo filed a traditional motion for summary judgment on his limitations defense and proved that he was not served with the original petition. In response, the Mackeys argued that Jakaira's claims were not barred by limitations because they were tolled while she was a minor. Even so, the trial court granted Lugo's summary judgment motion and, in an order finding that Jakaira turned eighteen in July 2021, dismissed the Mackeys' claims, with prejudice.

## II. Jakaira's Claims Were Not Barred by the Statute of Limitations

On appeal, the Mackeys do not challenge the propriety of the trial court's summary judgment as to Lakeisha. Instead, they argue only that summary judgment was not proper as to Jakaira because she reached the age of majority in July 2021, and limitations was tolled until July 2023. We agree.

### A. Standard of Review

A trial court's grant of a summary judgment is reviewed de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Hearne v. Riversource Life Ins. Co.*, 670 S.W.3d 360, 364 (Tex. App.—Texarkana 2023, pet. denied). In our review, we "view[] the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019) (citing *Mann*

3

*Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848). When, as here, the party seeks a traditional summary judgment, the movant "bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848 (citing TEX. R. CIV. P. 166a(c)).

**B.      Analysis**

"A suit for personal injuries must be brought within two years from the time the cause of action accrues." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). Here, the cause of action accrued on the date of the accident—September 8, 2019. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). Suit was filed exactly two years from the date of the accident. "Mere filing of suit, however, will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation." *Id.* at 830; *see Proulx*, 235 S.W.3d at 215.

Here, by granting Lugo's summary judgment, the trial court found that the Mackeys did not exercise due diligence because the citation on the original petition was returned as undeliverable and service on that petition was not reattempted. Because the Mackeys' appeal does not challenge that finding, we will not disturb it. Instead, we will address whether Jakaira's claims were barred, even with this finding in place.

Although Section 16.003 of the Texas Civil Practice and Remedies Code provides a two-year statute of limitations for personal injury, TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a), Section 16.001 tolls the statute of limitations if "a person is under a legal disability," including if a person is "younger than 18," TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a). More

4

specifically, "the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b). "Taken together, these sections require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority." *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995).

Here, it is undisputed that Jakaira was a minor at the time of the accident. Accordingly, the statute of limitations did not begin to run until her eighteenth birthday in July 2021. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b). As a result, limitations on her personal injury claims did not expire until July 2023. *See Weiner*, 900 S.W.3d at 321; *In re Gamble*, 676 S.W.3d 760, 807 (Tex. App.—Fort Worth 2023, orig. proceeding); *Gunderman v. Buehring*, No. 13-05-278-CV, 2006 WL 240517, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 2, 2006, pet. denied) (mem. op.); *Guerra v. Lazarte*, No. 13-96-422-CV, 1998 WL 35277040, at *2 (Tex. App.—Corpus Christi–Edinburg July 2, 1998, no pet.) (not designated for publication); *see also Montalvo v. Lopez*, 466 S.W.3d 290, 293 (Tex. App.—San Antonio 2015, pet. denied).

Here, the record established that Lugo was served with and answered the lawsuit before July 2023. Because Lugo was served before limitations on Jakaira's claims expired, Lugo was not entitled to summary judgment against Jakaira on his statute of limitations defense. Accordingly, we must sustain the Mackeys' sole point of error.

5

## III.    Disposition

We affirm the trial court's summary judgment against Lakeisha.  However, we reverse the summary judgment against Jakaira and remand the case to the trial court for further proceedings consistent with this opinion.

Jeff Rambin
Justice

Date Submitted:    May 9, 2024
Date Decided:      May 10, 2024